STATE OF NEBRASKA, APPELLEE, v. RAYMOND WINGATE, APPELLANT.

215 N. W. 2d 90

Filed February 28, 1974.    No. 39167.

Lathrop, Albracht & Dolan, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,

McCown, Newton, and Clinton, JJ., and Flory, District Judge.

Flory, District Judge.

Appellant, Raymond Wingate, was convicted by a jury of forcibly assaulting and resisting, with a dangerous weapon, a law enforcement officer while engaged in the performance of his official duties. § 28-729.01, R. S. Supp., 1972.

From the evidence the jury could easily have found beyond a reasonable doubt the following facts: The sheriff of Madison County, Nebraska, with two deputies, went to the defendant's farm about 10:30 a.m., on October 27, 1972, to serve a distress warrant for delinquent personal property taxes. They were in full uniform with badges and shoulder insignia. Previously a courtesy notice of the delinquent taxes which had been mailed to the defendant was returned with an obscene suggestion as to what to do with it. On arrival at the defendant's home they knocked on the door and receiving no response went around the farm buildings looking for the defendant and personal property upon which to levy. The sheriff started a tractor intending to levy on it. The defendant then came out of the house with a loaded shotgun, ran towards them pointing the gun at the sheriff, and threatened to shoot him. With the gun continually pointed at him, the sheriff and the deputies backed the defendant up a distance of some 200 feet through a gate to the porch of the house where he was disarmed by one of the deputies. No weapons were drawn by the sheriff or his deputies. It was later learned that the tractor belonged to defendant's father. The sheriff and one deputy had had previous contacts with defendant in their official capacity. The defendant himself testified that he recognized the sheriff when he advanced to within 10 feet of him before the retreat to the house.

Defendant contends that the trial court erred in not instructing that intent is an essential element of the crime charged. Intent is not an essential element and there was no error in failure to so instruct.

Defendant contends that the trial court erred in failing to instruct that the sheriff was a trespasser, citing Gilbert v. Rothe, 106 Neb. 549, 184 N. W. 119, and therefore was not in the performance of his official duties. The cited case was a civil case against a sheriff for damages for wrongful levy on personal property and clearly is not applicable. In this case the sheriff was in the performance of his official duties and was not a trespasser as a matter of law. An extensive instruction on the mandatory statutory duties of a sheriff in collecting delinquent personal property taxes was given.

There was conflicting testimony as to when and how the defendant was appraised of the fact that the officers were there to serve the distress warrant and levy on personal property. However, the defendant's own testimony to the effect that he recognized the sheriff before the retreat to the house clearly constituted a continuing assault even though the initial assault might have been found to be lawful.

Defendant also contends that the portion of an instruction based on section 28-838 (1) (a), R. S. Supp., 1972, was erroneous in that the instruction was not verbatim with the language of the section. The section reads: *"(1) Subject to the provisions of this section and of section 28-841,* the use of force upon or toward the person of another is justifiable when the actor believes that such force is immediately necessary: (a) To prevent or terminate *an unlawful entry or other trespass upon land or a trespass against or* the unlawful carrying away of tangible, movable property; provided, that such *land or* movable property is, or is believed by the actor to be, in his possession or in the possession of another person for whose protection he acts; * * *." The italicized por-

tions were omitted from the instruction given. Since the sheriff was not a trespasser there was no error.

Finally, defendant complains that the instruction "The intentional pointing of a loaded gun at another person is ordinarily an unlawful assault" was erroneous. The instruction is a correct statement of the law and when considered with all the other instructions there was no error..

The defendant did not tender any instructions.

The defendant's trial was without error and we affirm the conviction.

AFFIRMED.