GEORGE A. HOPKINS v. WASHINGTON COUNTY.

FILED NOVEMBER 17, 1898. No. 8441.

1. Order on Debtor: ACCEPTANCE. An order by a creditor in favor of a third person on the debtor to pay to the third person a portion of an entire debt is inoperative in law if without the acceptance or consent of the debtor.

2. Forms of Action. The distinction between law and equity is not abolished in this state. Section 2 of the Code of Civil Procedure, however, provides that there shall be but one form of action, called a "civil action," in which rules of law or doctrines of equity may, under proper pleading and proper states of facts, either or both be enforced.

ERROR from the district court of Washington county. Tried below before KEYSOR, J. Affirmed.

Horton & Blackburn and Richard S. Horton, for plaintiff in error.

Clark O'Hanlon and W. H. Munger, contra.

HARRISON, C. J.

During the course of erection under contract, the various stipulations and conditions of which we need not particularly notice of a court house for Washington county, Richards & Co., the contractors, had purchased of the Paxton & Vierling Iron Works material to be used in the performance of the work, and in the transaction

of the furnishing and sale of such material, and evidencing a portion or all of the indebtedness thus created, Richards & Co. executed and delivered to the Paxton & Vierling Iron Works promissory notes, which were duly assigned to the plaintiff herein, and it is alleged in the petition in the action "That, to secure said notes assigned to said plaintiff as aforesaid, said Richards & Co. delivered to him an order bearing date May 15, 1891, signed by them and drawn on the county supervisors of said Washington county for the sum of $1,000 (a copy of said order is hereto attached, marked 'Exhibit B,' and made part thereof); that at the time said order was delivered to said plaintiff said county was largely indebted to said Richards & Co.; that on the 19th of May, 1891, said plaintiff filed said order with the county clerk of said county; that on the 14th of July, 1891, and also on the 22d of August, 1891, said county supervisors refused to recognize said claim as evidenced by said order, by two certain resolutions, copies of which are hereto attached and marked 'Exhibit C and D.'" It was also of the allegations of the petition "That prior to the 15th of May, 1891, said Richards & Co. had at request of said Washington county purchased material and furnished labor and built and constructed for said Washington county a court house at Blair, said county, and that there was on said 15th of May a large amount due and owing from said Washington county for said labor and material furnished and for the construction of said court house." A demurrer to the petition was overruled, and the defendant answered. In the answer it was alleged that due and written notice, as required by law, was given plaintiff of the refusal of the county board to recognize his claim. For the plaintiff a reply was filed in which a statement was made relative to the time of the full accrual of the indebtedness of the county to Richards & Co., on which considerable stress is laid in the argument for the plaintiff, but this allegation was of such nature that,—under the rules of pleading,—appearing in a re-

ply, it must be deemed controverted as upon direct denial. (Code of Civil Procedure, sec. 134.) A jury was waived and the cause tried to the court and, following the findings, a judgment was rendered for the county. There is no bill of exceptions; hence we are without the evidence adduced at the trial.

In error proceedings on behalf of the plaintiff it is urged that the judgment is contrary to the rules of law applicable to and governable of the conditions and relative rights of the parties which arose from the transactions in question; also, that the only issuable matter in the controversy was that of the giving notice of the rejection of the order by the board. It is further argued in this connection that when it was determined by the trial judge, as it was in one finding, the notice was not given, the plaintiff became entitled to a judgment, as it had been settled by the overruling of the demurrer by one of the judges of the district in which the cause was pending that the excuse which plaintiff had pleaded for not sooner taking an appeal from the action of the county board was forceful and sufficient, and this ruling could not be annulled or rendered ineffective by the different decision of the question by another judge of the same district at any subsequent stage of the proceedings. To what we deem a proper disposition of the controversy the decision on the demurrer, or the question of notice, is not a necessary element of discussion, and we need not further refer to it.

In relation to what matters were for trial in the district court it may be said that the record discloses that the plaintiff seems to have thought there were others than he now asserts was the only one; for in a demand for special findings there were several questions of fact incorporated, one of which was "whether at the date of the execution and filing of said order the defendant was indebted to Richards & Co.," and to this the trial court gave a negative answer, on the ground that at the time of the order and the board's action in respect thereto

there had been no certificate of a supervising architect of the building that any sum was due the contractor and maker of the order; but aside from any other things which are disclosed by the record is one which arises from the order, coupled with some other facts which fully appear.  The order was as follows:

"OMAHA, NEB., May 15, 1891.

"*To County Commissioners, Washington Co., Blair, Nebraska*—DEAR SIRS: Please pay to the order of George A. Hopkins the sum of $1,000 and deduct the same from the amount due on the contract.

"Yours, etc.,  RICHARDS & Co."

There were several other like assignments of or orders for payments of parts of any sum which might be due Richards & Co. to different persons; also one in favor of a bank,—all of which received at the hands of the county board similar treatment to that accorded the one in suit.  It also appeared that in an action by Richards & Co. against the county judgment had been rendered for the balance due the former, and in a suit by parties who had furnished material used in the erection of the court house and laborers in the construction thereof, for such purpose the amount of such judgment had been taken and by order of the court distributed.  The order herein involved was but for a portion of the amount, if anything, then due Richards & Co. from the county, and, without the consent or acceptance of the latter, was invalid.  This is on the ground that the creditor may not split up a single cause of action into many, thus subjecting the debtor to a multiplicity of suits, and to many complications, embarrassments, and responsibilities not within the purview of or contemplated in the original contract.  (8 Am. & Eng. Ency. Law [2d ed.] pp. 1069, 1070; *German Fire Ins. Co. v. Bullene*, 51 Kan. 764, 33 Pac. Rep. 467; *Welch v. Mayer*, 36 Pac. Rep. [Colo.] 613; *Snedden v. Doerffler*, 39 Pac. Rep. [Colo.] 68.)  This is the rule at law; and the reason for it which we

have stated was, as we have set forth, present and of force in the transactions with which we have to deal herein. We are not unmindful of the rule in equity that where a creditor gives to a third person an order on a debtor for a definite part of the debt, it will constitute a valid equitable assignment *pro tanto* which will be enforced by a court of equity, or in an equitable action, and that this doctrine is recognized in many jurisdictions in the law courts. (8 Am. & Eng. Ency. Law [2d ed.] p. 1070, and notes.) In this state there is but one form of action, to be called a "civil action," (Code of Civil Procedure, sec. 2); but the distinction between law and equity is not abolished. There is one form of action, in which either relief may be sought and obtained; and if the facts pleaded and proved demand, the rules of either law or equity, or both, may be enforced. (*Turner v. Althaus*, 6 Neb. 54; *Wilcox v. Saunders*, 4 Neb. 569; *Cropsey v. Wiggenhorn*, 3 Neb. 108. ) But the case at bar is an action at law in all its elements, by its pleadings and facts, and calls for the enforcement of the rule at law. What rule might have been enforced had the pleadings, issues, and facts been different, we need not decide. The judgment must be

AFFIRMED.