BUELL, WINTER, MOUSEL & ASSOCIATES, INC., A NEBRASKA CORPORATION, APPELLEE, V. OLMSTED & PERRY CONSULTING ENGINEERS, INC., ET AL., APPELLANTS.

420 N.W.2d 280

Filed March 11, 1988.   No. 86-379.

C.L. Robinson of Fitzgerald & Brown, for appellants.

William T. Ginsburg of Zuber & Ginsburg, for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

CAPORALE, J.

Appellee, Buell, Winter, Mousel & Associates, Inc., sued the appellants, Olmsted & Perry Consulting Engineers, Inc., James J. Olmsted, and Steven W. Perry, alleging that the individual appellants formed the corporate appellant, Olmsted & Perry, and, while still employed by Buell, enticed some of their employer's clients into becoming clients of the newly formed corporate appellant. The district court determined that appellants had breached their duty of loyalty to Buell and sustained Buell's motion for summary judgment on that issue. Following a trial on the issue of damages, the district court entered a judgment in favor of Buell in the sum of $39,714.21 against the appellants, who assign eight errors to the district court's judgment. These errors merge to claim that the district court erred in finding (1) that appellants breached their fiduciary duties as agents of Buell and (2) that Buell proved damages. Since the record sustains the second claim, we, without considering the first claim, reverse the judgment of the district court and remand with direction to dismiss the action.

The parties begin by disagreeing as to the scope of our review. The appellants argue that the matter is one in equity. In such a case this court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court, provided, where the credible evidence is in conflict on a material issue of fact, we consider, and may give weight to, the fact the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Pluhacek v. Nebraska Lutheran Outdoor Ministries, post* p. 778, 420 N.W.2d 286 (1988); *III Lounge, Inc. v. Gaines, ante* p. 585, 419 N.W.2d 143 (1988); *Pallas v. Black,*

226 Neb. 728, 414 N.W.2d 805 (1987). Buell, on the other hand, argues the case is one at law and that, as a consequence, the findings and conclusions of the trier of fact are not to be set aside unless clearly wrong. Moreover, in an action at law tried without a jury, it is not the role of this court to resolve conflicts in or reweigh the evidence, and this court will presume that the trial court resolved any controverted facts in favor of the successful party and will consider the evidence and permissible inferences therefrom most favorably to that party. *Washington Heights Co. v. Frazier*, 226 Neb. 127, 409 N.W.2d 612 (1987).

Whether an action is legal or equitable in nature is determined from its main object as disclosed by the averments of the pleadings and the relief sought. *White v. Medico Life Ins. Co.*, 212 Neb. 901, 327 N.W.2d 606 (1982); *Nebraska Engineering Co. v. Gerstner*, 212 Neb. 440, 323 N.W.2d 84 (1982). Buell's petition not only sought to recover damages from the appellants but sought as well, under a variety of theories, to enjoin them from, among other things, "unfairly competing with" Buell; that is, from serving clients which the individual appellants had enticed to Olmsted & Perry while the two men were employed by Buell. Although not contained in the record, it appears that a temporary injunction of some nature was issued and was "continued in effect thereafter." Reply brief for Appellants at 1. The fact a summary judgment was granted Buell on the issue of whether appellants had breached their fiduciary duties, leaving the issue of damages to be litigated separately, does not change the essential character of the action. See *III Lounge, Inc. v. Gaines, supra*, in which an action in equity for specific performance continued to be treated as one in equity after remand on the issue of damages. Accord *Nixon v. Harkins*, 220 Neb. 286, 369 N.W.2d 625 (1985), in which an action for specific performance remained one in equity notwithstanding the fact the parties stipulated that the only issue for determination by the court was the fair market value of the property. See, also, *Johnson v. NM Farms Bartlett*, 226 Neb. 680, 414 N.W.2d 256 (1987), which, without discussion, treats an action seeking both injunctive relief and damages as a suit in equity. Thus, the action presently before us is one in equity, and we review the factual issues as they relate to

the issue of damages accordingly.

However, with regard to the questions of law presented, we have the obligation to reach independent conclusions regardless of the scope of review. *OB-GYN v. Blue Cross*, 219 Neb. 199, 361 N.W.2d 550 (1985).

Buell is an engineering firm which operates out of Omaha, Nebraska, and other locations, as does its parent owner, Dana, Larson, Roubal & Associates, Inc., an architectural firm which hired James Olmsted as an engineer in 1974. Steven Perry, also an engineer, was hired by Dana, Larson, Roubal in 1979.

Both James Olmsted and Steven Perry were transferred to the employment of Buell in 1980. During their employment, the two men worked closely together and decided to form their own firm, Olmsted & Perry. By processes which are not relevant to the dispositive issue before us, the two men persuaded two of Buell's former clients, the cities of Tabor, Iowa, and Gretna, Nebraska, to become clients of the newly formed Olmsted & Perry.

The evidence convinces us, as it did the district court, that Olmsted & Perry received combined gross revenues of $86,902 from the cities of Tabor and Gretna.

In order to establish its damages, Buell undertook to prove the relationship which the direct expenses incurred by the Omaha office bore to the gross revenues received by that office. Depending upon the method of analysis used, the direct expenses ranged from 58.4 to 44.3 percent of gross revenues. Buell's accountant testified that the historical average of the expenses for the 4 years consisting of 2 years preceding the departure of James Olmsted and Steven Perry (1981 and 1982) and 2 years after their departure (1984 and 1985), thereby omitting the year they left (1983), was the "most proper method to use." That study indicated that the Omaha office's direct expenses were 44.3 percent of its gross revenues. The trial court, without any evidential basis, concluded that an additional 10 percent should be deducted for "indirect expenses" and awarded Buell damages amounting to 45.7 percent of the gross revenues Olmsted & Perry received from the cities of Tabor and Gretna.

Such damages as Buell may have suffered result from the

breach of duties arising from the employment contracts which existed between it and James Olmsted and between it and Steven Perry. One injured by a breach of contract is entitled to recover all its damages, including the gains prevented as well as the losses sustained, provided the damages are reasonably certain and such as might naturally be expected to follow the breach. *Chadd v. Midwest Franchise Corp.*, 226 Neb. 502, 412 N.W.2d 453 (1987); *Quad-States, Inc. v. Vande Mheen*, 220 Neb. 161, 368 N.W.2d 795 (1985). While it is true that such damages need not be proved with mathematical certainty, neither can they be established by evidence which is speculative and conjectural. *III Lounge, Inc. v. Gaines, ante* p. 585, 419 N.W.2d 143 (1988). *El Fredo Pizza, Inc. v. Roto-Flex Oven Co.*, 199 Neb. 697, 261 N.W.2d 358 (1978), observed that loss of prospective profits may be recovered if the evidence shows with reasonable certainty both their occurrence and the extent thereof. Uncertainty as to the fact of whether damages were sustained at all is fatal to recovery, but uncertainty as to amount is not if the evidence furnishes a reasonably certain factual basis for computation of the probable loss. Accord *Quad-States, Inc. v. Vande Mheen, supra.*

Appellants complain that the various studies conducted by Buell's accountant are deficient in a number of respects, including the fact they contained a number of unverified assumptions which distorted the real income produced by the Omaha office. As an example, whenever a Buell Omaha office employee worked on a project for another Buell office, the Omaha office multiplied that employee's salary by 2.25 and reflected the product as Omaha office income. Buell's accounting manager was unable to explain how the 2.25 multiplier was computed nor exactly what it represented, but knew that it had been used for a number of years. The same multiplier was also used in transferring Omaha expenses to other offices when Omaha office employees performed work for those other offices. Buell's accountant admitted the 2.25 multiplier was not intended to be exact, might result in distortions, and ignored actual expense differences in the various offices.

The most fundamental complaint made by appellants,

however, is that merely proving the ebb and flow of moneys through a single office or operation does not prove the profit, if any, Buell as an entity lost because it did not perform certain work. In other words, proving that direct expenses consume anywhere from approximately 45 to 60 percent of the gross revenues taken in by Buell's Omaha operation does not, in and of itself, establish that Buell could reasonably have expected to realize a profit of $39,714.21 from the $86,902 of revenues generated by the Tabor and Gretna work, a profit of 45.7 percent. Indeed, the evidence is that Buell was experiencing difficult times. The number of its employees had dropped from 40 to approximately 12 in a matter of about a year and a half, and a wage freeze had been in effect since early 1982. Thus, there has been not a partial failure to prove damages (as, for example, was the situation in *LeRoy Weyant & Sons, Inc. v. Harvey and Classic Lanes*, 212 Neb. 65, 321 N.W.2d 429 (1982), where the evidence established damages were sustained but failed to take into account an item of savings, thus entitling us to remand the cause for a new trial), but a complete failure to do so. Under such a circumstance, Buell is not entitled to any recovery. *Quad-States, Inc. v. Vande Mheen, supra.*

For the foregoing reasons, the judgment entered by the district court in favor of Buell must be, and hereby is, reversed as to each of the appellants, and the cause is remanded with the direction to dismiss.

REVERSED AND REMANDED WITH
DIRECTION TO DISMISS.

WHITE and GRANT, JJ., not participating.