JUDITH E. KINKAID, APPELLANT, V. ROBERT G. KINKAID, APPELLEE.

425 N.W.2d 888

Filed July 15, 1988.   No. 86-746.

Donald J. Pepperl, of Pepperl, Melcher & McMahon-Boies, for appellant.

Daniel F. Kaplan and, on brief, Earl J. Witthoff, of Perry, Perry, Witthoff, Guthery, Haase & Gessford, P.C., for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and SPRAGUE and THOMPSON, D. JJ.

PER CURIAM.

The plaintiff, Judith E. KinKaid, and the defendant, Robert G. KinKaid, were married on June 6, 1967. Two children were born from that marriage. On September 26, 1974, the parties were divorced by a decree in the Ohio court of common pleas. The decree of divorce ordered:

> [T]he Defendant-Father shall pay to the Plaintiff for support for the parties' minor children the sum of One Hundred Dollars ($100.00) each per month for a total of Two Hundred Dollars ($200.00) per month, payable in semi-monthly installments of One Hundred Dollars ($100.00) each commencing with September 15, 1974 and to continue on the 30th and 15th days of each month thereafter until the further order of the Court.

After the divorce the plaintiff moved to Nebraska, where she lived for a period of approximately 6 months. She then moved back to Ohio, where she, the children, and the defendant, now her ex-husband, resumed living together. The parties lived in Ohio until 1976 and then moved to Nebraska. During the time that the parties were living together, they resumed the marital relationship, incurred debts, and acquired both real and personal property.

The parties terminated their relationship in November of 1978. The plaintiff then hired an attorney and had him prepare a written contract, the purpose of which was to provide for the

disposition of their assets and protect her financially. It is this contract which is now in dispute.

The contract which the plaintiff produced states in part:

WHEREAS, Judith E. Kinkaid and Robert G. Kinkaid, Sr. do wish to enter into a contract agreement to settle all property rights by and between themselves, *and insofar as permitted by law, do wish to enter into an agreement for custody, visitation and payment of child support for their two minor children*, and

WHEREAS, the parties do wish the following contract and agreement to be binding upon themselves, and do wish the same to be approved by any Court that in the future may enter a decree of divorce between the two of them; or do wish it to be approved by any Court that may have previously entered a decree of divorce, awarded child custody and child support; *and do further agree that this contract shall serve as an application to any such Court to modify previous award of custody and child support* to the extent that such custody and support shall be consistent with the following provisions . . . .

(Emphasis supplied.)

At issue are the following provisions:

NOW, THEREFORE, it is agreed by and between the parties as follows:

. . . .

4. That Robert G. Kinkaid, Sr. shall pay by way of child support the sum of One Hundred Seventy-Five Dollars ($175.00) per month per child commencing as of the 1st day of the month upon closing of the sale of the real estate herein described, and continuing on the 1st day of each and every month thereafter until said minor children reach legal age, become free and emancipated, or no longer dependent upon Judith E. Kinkaid for support; said child support shall be paid to Judith E. Kinkaid either directly or thru [sic] the Clerk of any District Court that may be determined in the future to have jurisdiction of the parties and the subject matter hereto.

. . . .

7. The parties further stipulate and agree that they are

presently the joint owners of the following described real estate, to-wit:

Lot Six (6), Block One (1), Quail Valley First Addition to Lancaster County, Nebraska

That said property is presently listed for sale and both parties do agree to sign any and all documents necessary or convenient to the sale of said property at the earliest possible date; said sale to be in the sum of Fifty-One Thousand Five Hundred Dollars ($51,500.00) or such other amount as may be agreeable to both parties. That during the pendency of this sale, Robert G. Kinkaid, Sr. does agree to make the monthly house payment in the sum of Four Hundred Thirty Dollars ($430.00) per month. . . .

The parties' signatures and acknowledgments appear at the end of the document.

The record indicates that the defendant made house payments for November and December of 1978 and January and February of 1979. The property was sold in June 1979.

The plaintiff commenced this action to recover the amounts she alleges are due her under the contract. In her amended petition, filed November 21, 1984, and a later amendment, the plaintiff alleged that $1,720, representing four mortgage payments, and $11,913 in unpaid child support are due her. The action is based solely on the November 1978 contract, and not on any money due under the Ohio decree.

In his answer the defendant denied having entered into the contract produced by the plaintiff and affirmatively alleged that the contract was an attempt by the plaintiff to usurp the authority of the court of common pleas of Ohio and the district court of Nebraska by changing and modifying the terms of the 1974 decree. He further alleged that the proper relief available to the plaintiff, if any, would have been to have the child support provisions of the decree modified.

At the trial, the defendant testified that the contract he signed provided for child support in the amount of $100 per month per child, not $175. He further testified that after he signed the contract, the plaintiff's attorney, Jerry Snyder, sent him a letter explaining that the plaintiff and her attorney had increased the amount of child support to $175 per child per

month. Neither the defendant nor Snyder produced a copy of this letter. Snyder testified by deposition that he believed no changes were made after the contract was executed. According to Snyder, the time at which the defendant was to begin making child support payments was changed prior to the execution of the contract. As originally drafted, the contract provided that the defendant was to pay $175 per month per child commencing on the first day of December 1978. This provision was changed so as to allow the defendant to begin making the child support payments after he was no longer making the mortgage payments, that is, child support payments were not to begin until the previously described real estate was sold. The plaintiff testified that she requested this change. Snyder also testified that it was his belief that the change involved the time when payments were to begin. The plaintiff testified that the defendant signed the contract, which reflected the time change, in front of her in Snyder's office.

The trial court found that the plaintiff had failed to sustain the burden of proving the allegations of the amended petition and dismissed the amended petition. The plaintiff has appealed.

The plaintiff's assignments of error are that (1) the district court's finding that she had not proven by a preponderance of the evidence the allegations contained in her petition was clearly erroneous; (2) the district court erred in failing to find that the contractual agreement between the parties was enforceable; and (3) the district court erred in failing to enter judgment in her favor.

Since this is an action at law, the findings and conclusions of the trial court will not be set aside unless clearly wrong. In an action at law tried without a jury, it is not for this court to resolve conflicts in or reweigh the evidence, and this court will presume that the trial court resolved any controverted facts in favor of the successful party and will consider the evidence and permissible inferences therefrom most favorably to that party. *Buell, Winter, Mousel & Assoc. v. Olmsted & Perry*, 227 Neb. 770, 420 N.W.2d 280 (1988); *Osmond State Bank v. Uecker Grain*, 227 Neb. 636, 419 N.W.2d 518 (1988).

The plaintiff's position in this case is that there are no

questions of fact and that the trial court was required to find in her favor as a matter of law. Although the document produced by the plaintiff tends to corroborate her testimony, there are other circumstances in the case which weaken her position. Snyder had no independent recollection of the facts and had to rely upon notes and memoranda in his file.

Although the contract was executed in 1978, the plaintiff apparently made no effort to enforce it until sometime around 1986. However, in the meantime, the plaintiff testified and correspondence and other documents contained in Snyder's office file indicate that the plaintiff made some effort in 1979 to modify the Ohio decree by a proceeding in Ohio. The defendant testified that he did not cooperate in that matter because he had not agreed to the proposed increase of child support from $100 to $175 per month per child. Then, in 1981, the plaintiff commenced some kind of an action in Arizona against the defendant, but she could not remember whether that action was based on the Ohio decree or the 1978 contract.

There are numerous canceled checks in evidence which represent direct payments of child support in the amount of $200 per month to the plaintiff in the years after 1978 and before commencement of this action.

As we view the record, the evidence presented questions of fact which the trial court resolved against the plaintiff. The judgment is, therefore, affirmed.

AFFIRMED.