H.L. JELSMA AND TOMMY JELSMA, DOING BUSINESS AS SPA, INC., APPELLEES, V. COLONIAL PENN INSURANCE CO., APPELLANT.

439 N.W.2d 479

Filed May 5, 1989.   No. 87-839.

Richard D. Sievers, of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellant.

Hal Bauer, of Bauer, Galter & O'Brien, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

This is a companion case to *Jelsma v. Scottsdale Ins. Co.,* 231 Neb. 657, 437 N.W.2d 778 (1989). Except as otherwise declared herein, the facts are substantially the same in each case. Colonial Penn Insurance Co. has appealed from a judgment of the district court which declared that the attempted cancellation of the insurance policy which it had issued to H.L. and Tommy Jelsma was not effective and that the policy was in effect on July 29, 1986, the date of the Jelsmas' loss. We affirm.

The errors assigned by Colonial Penn were substantially as follows: The trial court erred in (1) holding that the cancellation of the policy was ineffective even though technical imperfections present in the notice of cancellation did not adversely affect the Jelsmas; (2) holding that the facts did not establish acquiescence of the Jelsmas in the cancellation of the policy; and (3) failing to hold that a refund by credit and debit on a commercial account satisfied the requirement of refund to an insured, particularly when the refund was used to pay for substitute insurance.

In *Jelsma v. Scottsdale Ins. Co.,* we answered adversely to the contentions of the insurance company's practically identical assignments of error, i.e., that the court erred in finding that cancellation was not in accordance with the provisions of the policy, that the court erred in failing to find that the return of the unearned premium to Alexander & Alexander constituted a return of the unearned premium to the insureds, and that the court erred in failing to find that the Jelsmas' conduct after

receiving the notice of cancellation constituted a waiver of any breach of the insurance contract by the insurer.

The only "new twist" to the insurer's claim in this case is that it argues that the Jelsmas' acquiescence in the cancellation is established by the fact that they obtained a short-term insurance policy from First State Insurance to replace the canceled Colonial Penn policy and used the refund of the unearned premium to pay for the substitute policy. See, *McRae v. Mercury Ins. Co.*, 126 Neb. 469, 253 N.W. 645 (1934) (acquiescence in cancellation notices will operate to cancel policy and will work an estoppel to assert that the policy is still in force); *Sanks v. St. Paul Fire & Marine Ins. Co.*, 131 Neb. 266, 267 N.W. 454 (1936) (cancellation of policy is ratified by insured when insured accepts the benefit of the unearned premium upon the former policy before loss and with knowledge of all facts).

However, not only is there no evidence in the record as to when Colonial Penn returned the Jelsmas' unearned premium to Alexander & Alexander, the agent, there is no evidence in the record to support a conclusion that the unearned premium from the Colonial Penn policy was used to pay for the First State policy. Furthermore, two other policies covering the Royal Grove, the Jelsmas' property, were canceled at about the same time the cancellation of the Colonial Penn policy was to take effect. Although Colonial Penn emphasizes the fact that the coverage of the First State policy commenced on the same day cancellation of the Colonial Penn policy was to take effect, given the lack of evidence in the record regarding the First State policy, it would be pure speculation for this court to find that the First State policy was intended to replace the Colonial Penn policy or that the First State policy was even intended to replace any canceled coverage. The only evidence adduced at trial was to the effect that Alexander & Alexander obtained bids for replacement coverage, which were declined by the Jelsmas because the premiums were too high.

Whether the insureds acquiesced in the cancellation is a question of fact. The trial court specifically found that "[t]he facts presented to the court do not establish that plaintiff acquiesced in the cancellation or waived his rights to assert that

the cancellation was ineffective." A suit for declaratory judgment is an action sui generis and may involve questions of law or equity or both. *Jelsma v. Scottsdale Ins. Co., supra.* Whether a declaratory judgment action is treated as an action at law or one in equity is to be determined by the nature of the dispute. *Jelsma v. Scottsdale Ins. Co., supra.* Determinations of factual issues in a declaratory judgment action will not be disturbed on appeal unless they are clearly wrong. *Jelsma v. Scottsdale Ins. Co., supra.*

We cannot say that the trial court was clearly wrong in this determination.

Appellees request an award of an attorney fee pursuant to Neb. Rev. Stat. § 44-359 (Reissue 1988). Section 44-359 provides:

> In all cases when the beneficiary or other person entitled thereto brings an action upon any type of insurance policy . . . against any company . . . doing business in the state, the court, upon rendering a judgment against such company . . . shall allow the plaintiff a reasonable sum as an attorney's fee in addition to the amount of his or her recovery, to be taxed as part of the costs. If such cause is appealed, the appellate court shall likewise allow a reasonable sum as an attorney's fee for the appellate proceedings . . . .

Appellees are not entitled to an award of an attorney fee because they do not fall within § 44-359. This action was not an action upon the policy, it was an action to determine whether the policy was still in effect. As this court said in *Lundt v. Insurance Co. of North America,* 184 Neb. 208, 210, 166 N.W.2d 404, 405 (1969), "The statute authorizes the assessment of attorney's fees, as costs, *only when judgment is rendered* upon a policy of insurance. The liability of the insurer, surety, or guarantor on its agreement must first be determined and adjudged." (Emphasis in original.) See, also, *State Farm Fire & Cas. Co. v. Muth,* 190 Neb. 248, 207 N.W.2d 364 (1973) (action for declaratory judgment for construction of policy to determine coverage); *State Farm Mut. Auto. Ins. Co. v. Selders,* 189 Neb. 334, 202 N.W.2d 625 (1972) (action for declaratory judgment to determine coverage); *Workman v.*

*Great Plains Ins. Co., Inc.*, 189 Neb. 22, 200 N.W.2d 8 (1972) (action for declaratory judgment to determine coverage). The liability of Colonial Penn has not yet been determined; the only issue having been determined is that the policy was still in effect on the date of loss.

The judgment of the district court is affirmed.

AFFIRMED.