WILLARD A. STOURAL, APPELLANT, V. BLUE CROSS AND BLUE SHIELD OF NEBRASKA, A NEBRASKA CORPORATION, APPELLEE.

510 N.W.2d 357

Filed April 6, 1993.    No. A-91-433.

Clinton J. Gatz, of Jewell, Gatz, Collins, Dreier & Fitzgerald, for appellant.

James C. Vitek for appellee.

CONNOLLY, MILLER-LERMAN, and WRIGHT, Judges.

CONNOLLY, Judge.

## I. INTRODUCTION

This appeal arises from a jury verdict in favor of the appellee, an insurance company. The appellant had filed a declaratory judgment action for proceeds allegedly due him under an insurance policy issued by the appellee. The appellee answered with the affirmative defense that it had rescinded the policy because of the appellant's fraudulent misrepresentation of his medical history in his policy application. The appellant argues that in the jury instructions, the appellee should have been held to the burden of proving fraudulent misrepresentation by clear and convincing evidence because the cause of action was equitable in nature. The trial court applied the lesser burden, proof by the greater weight of the evidence, on grounds that the cause of action was legal in nature. We affirm.

## II. FACTS

The appellant, Willard A. Stoural, was treated for diverticulitis of the colon in September 1988 and incurred

medical expenses of $19,908.96. Stoural submitted an insurance claim to the appellee, Blue Cross and Blue Shield of Nebraska (Blue Cross). Blue Cross had issued Stoural a policy effective May 1, 1988, under which the diverticulitis treatment was covered.

Blue Cross conducted an investigation into whether Stoural had misrepresented his medical history in his April 1988 application for insurance. The company determined that Stoural had intentionally concealed previous treatments for diverticulitis and alcohol dependence. In a letter dated December 15, 1988, Blue Cross stated that it would have declined coverage for Stoural had the company been truthfully informed of his medical status. Blue Cross declared the policy null and void and announced it was rescinding its insurance contract with Stoural.

Stoural brought a declaratory judgment action asking the court to (1) declare the rights of the parties under the contract, (2) enter judgment in his favor, and (3) award attorney fees, costs, and "further relief as may be equitable in the premises." Blue Cross answered that it had relied to its detriment on Stoural's misrepresentation of his medical history when it issued him a policy and, upon discovery of the misrepresentation, had notified Stoural that it had rescinded the policy. Therefore, Blue Cross denied any liability for Stoural's medical expenses.

At trial, Blue Cross argued the affirmative defense of rescission based on fraudulent misrepresentation. At the conclusion of Blue Cross' case, Stoural moved the court "to enter a judgment in favor of the plaintiff in the sum of $19,908.96, or in the alternative direct a verdict in favor of the plaintiff in said sum." In denying the motion, the court stated:

> [I]n ruling on the plaintiff's motion [I] did not apply the clear and convincing evidence burden, but applied the greater weight of the evidence burden. I did so because of two line[s] of cases in fraud that indicate . . . that the greater weight of the evidence burden of proof is applied in a law case, and clear and convincing proof is applied in equity cases. And I take this to be a law case.

At the jury instruction conference, Stoural proffered an

instruction stating that "[i]n order to sustain the defense of fraudulent misrepresentation, [Blue Cross] must prove [the elements of the defense] by clear and convincing evidence." The trial court instead gave an instruction requiring Blue Cross to prove its defense by the greater weight of the evidence. Stoural objected to the instruction calling for the lesser burden of proof. The court overruled that objection, as well as Stoural's consolidated objection to subsequent references in the instructions to "greater weight of the evidence" as Blue Cross' burden of proof for its affirmative defense, stating:

> I am of the opinion that this case takes on the posture of a law action since it was brought by the plaintiff to recover money under the policy of insurance, and while the defense of rescission is raised, I think that once this takes on the posture of a law action, it retains that posture for all purposes to the conclusion of the trial.

The jury verdict is not preserved in the record, but the record indicates that the jury found for Blue Cross. Stoural's motion for judgment notwithstanding the verdict or, in the alternative, a new trial was overruled.

### III. ASSIGNMENT OF ERROR

Stoural argues that the trial court erred by instructing the jury that Blue Cross had to prove fraudulent misrepresentation by the greater weight of the evidence rather than by clear and convincing evidence.

### IV. STANDARD OF REVIEW

Regarding questions of law in an appeal from a declaratory judgment, an appellate court has an obligation to reach conclusions independent from those of the trial court. *State Bd. of Ag. v. State Racing Comm.*, 239 Neb. 762, 478 N.W.2d 270 (1992).

### V. ANALYSIS

The issue before us is whether Blue Cross should have been held to the burden of proof required in an action for equitable rescission, which is proof by clear and convincing evidence, rather than the burden required in an action for legal rescission, which is proof by the greater weight of the evidence.

" 'Whether a declaratory judgment action is treated as an action at law or one in equity is to be determined by the nature of the dispute.' " *Waite v. A.S. Battiato Co.*, 238 Neb. 151, 155, 469 N.W.2d 766, 770 (1991). "Whether an action is legal or equitable in nature is determined from its main object as disclosed by the averments of the pleadings and the relief sought." *Buell, Winter, Mousel & Assoc. v. Olmsted & Perry*, 227 Neb. 770, 772, 420 N.W.2d 280, 282 (1988).

Stoural brought his declaratory judgment action because he believed Blue Cross had breached its contract to cover the medical expenses he incurred in September 1988. In his motion for a directed verdict, Stoural specifically asked the court to award him the sum of money allegedly due him under his Blue Cross policy. Stoural did not file suit merely to have the court vindicate his argument that his Blue Cross policy remained in force. The main object of the suit was to obtain a judgment in Stoural's favor on the insurance contract for $19,908.96. For these reasons, Stoural's suit was essentially on the contract and was legal in nature.

The legal nature of Stoural's petition does not mean that every issue raised in the cause of action was legal in nature. "In this state there is but one form of action, to be called a 'civil action' . . . in which either [legal or equitable] relief may be sought and obtained; and if the facts pleaded and proved demand, the rules of either law or equity, *or both*, may be enforced." (Emphasis supplied.) *Hopkins v. Washington County*, 56 Neb. 596, 600, 77 N.W. 53, 54 (1898). The Nebraska Supreme Court has applied this rule of law specifically to declaratory judgment actions: "A suit for declaratory judgment is an action sui generis and may involve questions of law or equity *or both*." (Emphasis supplied.) *Jelsma v. Colonial Penn Ins. Co.*, 232 Neb. 49, 52, 439 N.W.2d 479, 480 (1989). Thus, while it is true that "interposing an equitable defense does not convert an action otherwise at law into one in equity," *White v. Medico Life Ins. Co.*, 212 Neb. 901, 903, 327 N.W.2d 606, 608 (1982), it is equally true that equitable issues are not precluded from consideration in actions at law.

There is no doubt that Blue Cross' argument for rescission based on fraudulent misrepresentation was equitable in nature.

Rescission of an insurance contract is an equitable remedy. See *Equitable Life Assurance Soc'y v. Joiner*, 222 Neb. 504, 384 N.W.2d 636 (1986). Blue Cross sought retroactive cancellation of Stoural's policy. Blue Cross did not argue that it was entitled to any form of damages from Stoural; it argued that the policy was void and never existed because of fraudulent misrepresentation. The argument clearly sounded in equity. See *Tobin v. Flynn & Larsen Implement Co.*, 220 Neb. 259, 369 N.W.2d 96 (1985) (the nature of a rescission argument is determined by the theory on which a party decides to proceed). See, also, *Haumont v. Security State Bank*, 220 Neb. 809, 374 N.W.2d 2 (1985) (legal rescission is a condition precedent to bringing an action to recover money; equitable rescission is an action to retroactively wipe out an instrument).

Given the equitable nature of Blue Cross' rescission argument, the dispositive question in this case is whether Blue Cross' rescission argument constitutes an equitable *defense* or an equitable *counterclaim*.

The facts in *White v. Medico Life Ins. Co.* are analogous to those in the case before us. White, the insured, brought an action at law for breach of contract seeking proceeds allegedly due under an insurance policy. Medico, the insurer, like Blue Cross in the case at bar, answered in part that it had rescinded the policy because of fraudulent misrepresentation by White in the application process. The court characterized that answer as an equitable defense and stated, as noted . above, that "interposing an equitable defense does not convert an action otherwise at law into one in equity. . . . [A]lthough the parties have briefed it as one in equity, [this case] presents actions at law . . . ." *White v. Medico Life Ins. Co.*, 212 Neb. at 903, 327 N.W.2d at 608.

*White v. Medico Life Ins. Co.* is binding precedent on this court. Accordingly, we hold that the trial court properly treated Blue Cross' rescission argument as an equitable defense raised in the course of a legal action, which means Blue Cross had to prove fraudulent misrepresentation by the greater weight of the evidence, rather than by clear and convincing evidence. The judgment of the trial court is affirmed.

AFFIRMED.

WRIGHT, Judge, concurring.

I concur in the result because I find that Blue Cross' defense was legal in nature. Legal actions require proof by the greater weight of the evidence, and equitable actions must be proven by clear and convincing evidence. A legal defense should be proven by the greater weight of the evidence whether the action commenced by the plaintiff was legal or equitable in nature. A defendant's claim at law should be proven by the greater weight of the evidence whether it was raised by counterclaim or an affirmative defense.

*White v. Medico Life Ins. Co.*, 212 Neb. 901, 327 N.W.2d 606 (1982), states that interposing an equitable defense does not convert an action otherwise at law into one in equity. I have no disagreement with this statement. I do not believe that *White v. Medico Life Ins. Co.* holds that the nature of the action brought by the plaintiff invariably controls the burden of proof upon the defendant. If the defendant raises an equitable defense or brings an equitable counterclaim, the defendant's burden of proof is by the clear and convincing weight of the evidence. If the defendant raises a legal defense or counterclaim, the defendant's burden of proof is by the greater weight of the evidence.

Stoural's action was an action at law, and his burden of proof was by the greater weight of the evidence. Blue Cross' rescission was legal in nature, and its burden of proof was by the greater weight of the evidence. See, *Kracl v. Loseke*, 236 Neb. 290, 461 N.W.2d 67 (1990); *Haumont v. Security State Bank*, 220 Neb. 809, 374 N.W.2d 2 (1985).

As a corollary to *White v. Medico Life Ins. Co.*, I would say that an action at law does not convert an equitable defense into one bearing the burden of an action at law. If Blue Cross' defense of fraud had been equitable in nature, it would have had the burden of proof by clear and convincing evidence.

MILLER-LERMAN, Judge, joins in this concurrence.