UNION INSURANCE COMPANY, APPELLEE, V.
LAND AND SKY, INC., DOING BUSINESS AS LAND AND SKY
MANUFACTURING, INC., ET AL., APPELLANTS.
568 N.W.2d 908

Filed October 3, 1997.   No. S-96-013.

Tyler J. Sutton, of Woods & Aitken, for appellants.

Danene J. Tushar and Bruce A. Smith, of DeMars, Gordon, Olson, Recknor & Shively, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, and STEPHAN, JJ.

CONNOLLY, J.

Appellants, Land and Sky, Inc., doing business as Land and Sky Manufacturing, Inc., Land and Sky, Ltd., Lynn Larson, and Ronald Larson (all hereinafter collectively Land and Sky), brought a declaratory judgment action requesting interest on funds borrowed as an element of damages due to the breach of an insurance contract. The district court for Lancaster County determined that Land and Sky failed to provide sufficient evidence to determine interest as damages with reasonable certainty and failed to prove a causal relationship between the damages asserted and the breach of failing to defend. We affirm.

## BACKGROUND

Union Insurance Company (Union) brought a declaratory judgment action seeking a declaration that it was not obligated under the terms of an insurance policy with Land and Sky to defend or indemnify Land and Sky against a suit for patent infringement. We held that Union was obligated to defend Land and Sky and remanded the cause to the district court for further proceedings. *Union Ins. Co. v. Land and Sky, Inc.*, 247 Neb. 696, 529 N.W.2d 773 (1995). On remand, Land and Sky sought recovery of attorney fees and expenses incurred in defense of the suit. The parties entered into a written stipulation agreeing to a set amount to be awarded for attorney fees and expenses. However, the parties disagreed over whether Land and Sky was entitled to recover interest as damages on funds borrowed to pay the attorney fees and expenses.

In its application to enforce judgment, Land and Sky asked the district court to determine and award prejudgment interest pursuant to Neb. Rev. Stat. § 45-104 (Reissue 1993) for each invoice paid by Land and Sky in the underlying suit. However, in the hearing on the matter, Land and Sky argued it was entitled to interest on borrowed funds as damages resulting from Union's breach of contract. The parties stipulated that interest as damages would be the issue before the court.

The evidence presented to the district court consisted of a stipulation and an affidavit. The stipulation included the agreement of Union to pay Land and Sky an agreed-upon amount of attorney fees, a stipulation that the issue before the district court

would be whether interest could be recovered as damages, and a stipulation that the affidavit of Lynn Larson, the president of Land and Sky, be admitted into evidence. The affidavit is the only evidence in the record dealing with the interest that was paid on borrowed funds.

The affidavit provided a list of the billings received from the law firm that defended the underlying patent case and a corresponding interest figure for each invoice calculated at a rate of 10 percent per annum. The affidavit also contained a statement that Land and Sky paid its legal fees with money that would have otherwise been used in its continuing business operations, and as a result, the company was forced to use funds for legal fees that it would otherwise have used as ordinary working capital. The affidavit further stated that Land and Sky borrowed money to conduct its day-to-day operations because of the expenditures for legal fees and that the face value of borrowed funds to Land and Sky for the relevant time period exceeded 10 percent per annum. The affidavit listed Land and Sky's short-term bank debt between March 1991 and December 1994 as ranging between $146,000 and $521,000 and long-term bank debt for the same period as ranging between $190,150 and $517,488. Land and Sky paid a total of approximately $207,000 in legal fees. The record reflects no further information regarding the amount borrowed or the interest paid. Union presented no evidence on the issue.

The trial court determined that Land and Sky was not entitled to prejudgment interest or interest as damages. The court held that Land and Sky failed to provide a sufficient basis to determine the interest with reasonable certainty and that it failed to prove a causal relationship between the damages asserted and the breach complained of. In its order, the court was concerned because there was "no evidence of what specific amounts were borrowed over any specific time period, the interest rate for that borrowing, the corresponding tax benefit of borrowing, or that it was the payment of fees that necessitated borrowing of any specific amount." The court was also troubled because there was no tracing back to specific loans directly related to payment of attorney fees.

## ASSIGNMENTS OF ERROR

Land and Sky alleges that the trial court erred in (1) denying Land and Sky's claim for interest as damages, (2) denying that claim as a matter of law, and (3) ruling that Land and Sky failed to prove with reasonable certainty the amount of interest damages it sought to recover.

## STANDARD OF REVIEW

Where the facts are stipulated, the appellate court reviews the case as if trying it originally in order to determine whether the facts warrant the judgment. *Anderson v. State*, 247 Neb. 871, 530 N.W.2d 899 (1995).

If the evidence is entirely written and relates to matters as to which the trial court is in no better position to reach a correct solution than the appellate court, this court will be governed by its own conclusions as to the weight of the evidence. *State Farm Mut. Auto. Ins. Co. v. Budd*, 185 Neb. 343, 175 N.W.2d 621 (1970).

When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Giese v. Stice*, 252 Neb. 913, 567 N.W.2d 156 (1997); *Pratt v. Nebraska Bd. of Parole*, 252 Neb. 906, 567 N.W.2d 183 (1997); *Cunningham v. Prime Mover, Inc.*, 252 Neb. 899, 567 N.W.2d 178 (1997).

## ANALYSIS

Although Land and Sky sought prejudgment interest in the application to enforce judgment before the trial court, the stipulation and affidavit presented to the court frame the issue as whether or not Land and Sky is entitled to interest on borrowed funds as compensatory damages. Land and Sky does not assign the denial of prejudgment interest as error. Accordingly, we do not address the issue of prejudgment interest.

Land and Sky argues its claim for interest should be considered as either direct or consequential damages of Union's breach of contract for failing to defend. This court has not decided the issue of whether interest paid on borrowed funds may be recovered as damages. Without deciding whether a

.

cause of action exists for interest paid on borrowed funds as damages, Land and Sky's proof regarding damages is deficient.

In any damage action for breach of contract, the claimant must prove that the breach of contract was the proximate cause of the damages. This requires a causal relationship between the damages asserted and the breach relied upon. *Lange Indus. v. Hallam Grain Co.*, 244 Neb. 465, 507 N.W.2d 465 (1993), citing *Omaha P. P. Dist. v. Darin & Armstrong, Inc.*, 205 Neb. 484, 288 N.W.2d 467 (1980); *Olson v. Pedersen*, 194 Neb. 159, 231 N.W.2d 310 (1975). Damages need not be proved with mathematical certainty, neither can they be established by evidence which is speculative and conjectural. *Lone Cedar Ranches v. Jandebeur*, 246 Neb. 769, 523 N.W.2d 364 (1994), citing *Katskee v. Nevada Bob's Golf of Neb.*, 238 Neb. 654, 472 N.W.2d 372 (1991); *Buell, Winter, Mousel & Assoc. v. Olmsted & Perry*, 227 Neb. 770, 420 N.W.2d 280 (1988). Uncertainty as to the fact of whether damages were sustained at all is fatal to recovery, but uncertainty to amount is not if the evidence furnishes a reasonably certain factual basis for computation of the probable loss. *Id.*

Land and Sky fails to show a causal relationship between the breach complained of and the damages asserted and failed to prove damages with reasonable certainty. The affidavit fails to show when funds were borrowed and when interest was paid. Although the affidavit lists the invoices received for legal fees and calculates interest based on each invoice, it is left to speculation whether Land and Sky needed to borrow money to pay fees for each and every invoice received and whether Land and Sky paid the amount of interest requested on the fees it was billed. Rather, the only information provided is long- and short-term bank debt of the company. It is left to speculation whether Land and Sky would have borrowed money regardless of expenses for attorney fees or whether only some of the fees necessitated borrowing.

## CONCLUSION

The proof presented by Land and Sky fails to provide a sufficient basis to determine damages. Land and Sky did not show the required causal connection between Union's failure to

defend and any interest paid and did not provide a basis to determine the interest with reasonable certainty. Therefore, we affirm without reaching the issue of whether interest paid on borrowed funds may be recovered as an element of damages.

AFFIRMED.

CAPORALE, J., not participating in the decision.
MCCORMACK, J., participating on briefs.