LIZZIE M. NIXON, APPELLEE, V. OMAHA & COUNCIL BLUFFS
STREET RAILWAY COMPANY, APPELLANT.

FILED JULY 12, 1907. No. 14,805.

1. **Street Railways: INJURY: EVIDENCE.** Plaintiff, in an action for
damages for being thrown from a street car while attempting to
board the same, testified that after reentering the car the con-
ductor asked her if she was hurt, and she replied that she was.
*Held,* That the court did not err in refusing to strike this testi-
mony from the record.

2. **Damages: INSTRUCTIONS.** In an action to recover for a personal
injury suffered on account of the alleged negligence of the de-
fendant, the instructions should limit the recovery for future
pain and suffering to such as are reasonably certain to result
from the injury.

APPEAL from the district court for Douglas county:
HOWARD KENNEDY, JUDGE. *Reversed.*

*John L. Webster* and *W. J. Connell,* for appellant.

*John W. Cooper* and *George W. Cooper, contra.*

DUFFIE, C.

It is claimed by Mrs. Nixon, the appellee, that while she
was in the act of entering a street car at Sixteenth and
Leavenworth streets, in the city of Omaha, the car sud-
denly started forward, and she was thrown from the step
of the car upon the pavement, sustaining the injuries of
which complaint is made. The trial resulted in a judg-
ment in her favor for $500, to reverse which this appeal is
taken.

On her examination, she testified that after being
thrown to the pavement she arose and again boarded the
car, which had stopped for her at a distance of about 30
feet from where she had fallen. She stated that after
she had boarded the car she gave the conductor her trans-
fer slip within a short time, and the following question
was asked her: "Now, you may state what, if anything,

the conductor said to you at the time you handed him a transfer slip, and what you said to him? To this question the defendant objected, and, the objection being overruled, she answered: "When the conductor came for my transfer, he asked me if I was hurt, and I told him that I was." It is now insisted that this conversation with the conductor, if it took place, was some time subsequent to the accident and formed no part of the *res gestae.* We are inclined to think that the objection is not well taken. The question asked by the conductor did not call for an expression of how the accident occurred, nor did the reply of the plaintiff attempt to go into the particulars of her fall or the cause thereof. The question called for the present condition of the plaintiff, and her answer was restricted to the scope of the inquiry. In *Cleveland, C. C. & I. R. Co. v. Newell,* 104 Ind. 264, 54 Am. Rep. 312, it was held that, in an action for damages for a personal injury, evidence of expressions by the injured person of pain and sickness, and declarations as to its seat at the time of or subsequent to the occurring of the injury and without regard to how made, is competent. In *Roosa v. Boston Loan Co.,* 132 Mass. 439, it is held that it is only when such declarations assume the form of a narrative of past experience or suffering, or a relation of the cause and manner of the injury, or where they are made *ante litem motam* to one not an attending physician or a medical expert, under conditions above mentioned, that their admissibility becomes the subject of serious discussion.

Objections were taken to the thirteenth instruction of the court which is in the following language: "You are instructed that if you find for the plaintiff you will assess and allow her damages at such sums as will compensate her for the injuries which she is shown by the evidence to have sustained. In determining the amount of such damages, you should carefully consider from the evidence the nature, extent and character of the injuries sustained by the plaintiff, and should determine whether or not such

injuries or any of them are permanent, and you should allow her for all damages which you find from the evidence naturally and directly result from such injuries. In determining the damages, you have the right, and it is your duty, to consider the testimony as to physical pain and mental suffering, if any, endured by the plaintiff, or which she may endure in the future as a result of the injuries received at the time complained of, and expense incurred for medical attendance, which expenses, in this case, cannot exceed the sum of $150, the amount at which such expenses are stated and claimed in the petition, and the loss of time occasioned by said injury, which in this case cannot exceed the sum of $100, the amount stated and claimed in the petition, and the impairment of plaintiff's ability to earn money in her business or calling, if any such impairment you find from the evidence." The following part of the instruction, it is said, is clearly erroneous: "In determining the damages you have a right, and it is your duty, to consider the testimony as to physical pain and mental suffering, if any, endured by the plaintiff, or which she may endure in the future as a result of the injuries received at the time complained of."

In *Chicago, M. & St. P. R. Co. v. Lindeman,* 143 Fed. 946, it was held that "the liability for future damages for the wrongful infliction of a personal injury is strictly limited to compensation for such pain and other evil effects as are reasonably certain to result from it. Possible, even probable future effects are too remote and speculative to form the basis of legal recovery." In *Hardy v. Milwaukee Street R. Co.,* 61 N. W. 771 (89 Wis. 183), the court said: "A charge which allows damages for the pain and suffering which plaintiff 'may endure hereafter' and for the loss of such time as the evidence shows 'she will be likely to suffer hereafter' is erroneous, as allowing the jury to go into the field of mere probability." The same principle is announced in *Chicago, R. I. & P. R. Co. v. McDowell,* 66 Neb. 170, where it is said: "In an action for personal injuries com-

pensation can be recovered for only such evident damages as are shown with reasonable certainty to be consequent thereon. * * * We think that in order to satisfy the rule under discussion it must appear with reasonable certainty that disabilities have resulted from the injury complained of, and that reasonably certain future damages will result therefrom. The greater or less degree of permanency of the injury affects the question of the continuing nature of the damages, but does not determine their amount, which must also be ascertained with reasonable certainty." To the same effect are *Haas v. St. Louis & S. R. Co.*, 111 Mo. App. 706, 90 S. W. 1155; *Ford v. City of Des Moines*, 106 Ia. 94, 75 N. W. 630; *Groundwater v. Town of Washington*, 95 Wis. 56, 65 N. W. 671. The rule of the instruction is a clear violation of the principle announced in the cases above quoted from.

It is urged by the plaintiff that by the first paragraph of the instruction the jury were limited in allowing damages to those which "naturally and directly" resulted from her injuries. All damages are ordinarily limited to such as are the natural and direct result of the defendant's wrong. For such suffering and pain as the party may endure in the future, the rule is that they are limited to such as are reasonably certain to result from the injury. There is an important difference between damages which naturally and directly result and such as are reasonably certain to naturally and directly result from the wrongful act of the defendant. It would hardly be possible to determine how much the plaintiff may suffer naturally and directly as a result of her injuries, and the jury, in awarding damages, must limit the amount to such as they find to be reasonably certain to be suffered by the plaintiff from future pain and suffering.

Because of the error in the thirteenth instruction, we recommend a reversal of the judgment and remanding the cause for another trial.

By the Court: For the reasons stated in the foregoing

opinion, the judgment of the district court is reversed and the cause remanded for another trial.

REVERSED.