PETER C. WADE, APPELLEE, v. BELMONT IRRIGATING CANAL & WATER POWER COMPANY, APPELLANT.

FILED NOVEMBER 16, 1910. No. 16,187.

Waters: IRRIGATION CONTRACT: ACTION FOR BREACH: MEASURE OF DAMAGES. In an action for damages for the breach of a contract to supply water for irrigating the plaintiff's lands, where it appears that the land is unbroken and practically unproductive prairie, if the plaintiff prevails, he can only recover the difference between the rental value of said land with water according to the terms of the contract and the rental value without such water. The supposed value of what the land might have produced had the water been furnished is too remote, speculative and conjectural.

APPEAL from the district court for Cheyenne county: HANSEN M. GRIMES, JUDGE. *Reversed.*

*G. J. Hunt,* for appellant.

*Williams & Williams* and *Wright, Duffie & Wright,* contra.

REESE, C. J.

Plaintiff filed his petition in the district court alleging that the defendant is a corporation organized under the laws of this state for the purpose of operating an irrigating canal and selling the water for irrigation; that he is the owner of the southeast quarter of the northeast quarter and the northeast quarter of the southeast quarter of section 19, township 18, range 47, in Cheyenne county, "said land being located under and susceptible of irrigation from the defendant's canal"; that on the 30th day of December, 1897, he purchased the land of defendant with the express understanding that the consideration paid for the land "included payment for two forty-acre tract water rights, the water under said contract to be delivered to plaintiff from said canal, for which water rights plaintiff paid defendant for said lands and said water rights the sum of $1,800," and in consideration of the further sum of $2 defendant executed and delivered to plaintiff a "water deed," a copy of which is attached to the petition, and by which defendant agreed to furnish the necessary water for irrigating said land during each and every irrigating season thereafter; that defendant has failed and neglected to furnish any water to irrigate said land for the year 1907, to plaintiff's damage in the sum of $800, for which judgment is demanded. The defendant answered the petition, denying "that, by reason of defendant's failure to furnish water to the plaintiff in the year 1907, said plaintiff has been damaged in the sum of $800 or in any sum whatever." The cause was tried to the court without the intervention of a jury, the finding of the court being in favor of the plaintiff, and the assessment of his damages in the sum of $400, for which judgment was rendered. Defendant appeals.

A number of questions are presented for decision, but it is thought they may not arise again in another trial, and one only will be here noticed, and that one is as to the proper measure of damages. The proof showed that, prior

to the year 1907, the land had not been irrigated for some time and no crops had been raised upon it; that plaintiff desired it to be irrigated that year so that the native grasses would grow where practically none had grown before. The land was to all intents and purposes wild and substantially a desert waste. The theory of plaintiff's case was that if the soil could be irrigated, beginning early in the season, the moisture would cause the spontaneous growth of grama grass which would within a short time develop into what is called "wheat grass," and from which a cutting could be had. Neither one of the grasses named was growing on the land, except on one or two small spots. At the beginning of the trial plaintiff was called as a witness in his own behalf, and the question arose as to what was the proper measure of damages, when the court announced that "the damage is the difference between the crop actually raised and what would have been raised if water had been supplied." While no exception was taken to the ruling, the decision caused the case to be tried upon that issue, and the question is presented here. As we view the case, there can be no doubt but that the learned district judge was in error in so holding. There were no special damages alleged or declared upon the petition. As we have seen, the averments reach only to the fact that defendant undertook to furnish water sufficient to irrigate the land, and failed to do so, to plaintiff's damage. Indeed it is quite doubtful if under the facts of the case any allegations could be made which would admit of the application of the rule stated by the court.

In *Crow v. San Joaquin & Kings River C. & I. Co.*, 130 Cal. 309, the question of the measure of damages for failure to furnish water in compliance with the contract therefor was under consideration. The trial court admitted evidence to the effect that if plaintiff had obtained the water to which he was entitled he would have planted a crop of alfalfa from which he would have realized certain profits, but owing to his failure to get the water he did not plant the alfalfa, and instructed the jury that the

plaintiff was entitled to recover as damages the profits he would have realized from the crops of alfalfa that he would have raised on the land had water been furnished by defendant as demanded by the plaintiff, less the cost of raising and caring for the crops, and less what the land actually produced during the time of the failure to supply the water. The court say: "The rule embodied in the instruction of the court and under which the testimony on behalf of the plaintiff was admitted is too remote and speculative. The proper measure of damages in a case like this is the difference between the rental value of the land with water and its rental value without it. * * * Conjecture as to profits of the kind sought here cannot be recovered as damages in such cases; they must be damages capable of ascertainment by proof to a reasonable certainty; uncertain and speculative profits, which might or might not have been realized, are not recoverable in such action." This rule is announced in *Pallett v. Murphy*, 131 Cal. 192; *Northern Colorado Irrigation Co. v. Richards*, 22 Colo. 450; *Giles v. O'Toole*, 4 Barb. (N. Y.) 261; *City of Chicago v. Huenerbein*, 85 Ill. 594; *Pollitt & Andrews v. Long*, 58 Barb. (N. Y.) 20; *Horres v. Berkeley Chemical Co.*, 57 S. Car. 189, and is doubtless well settled. There are cases holding, and perhaps correctly, that if a crop is planted and has been well advanced in growth so that by its inspection a well-founded opinion can be formed as to what the crop will produce if permitted to mature according to the usual course of the season, such evidence might be competent, but we have found no well-considered case where the rule has been applied to a case like this. The difference between the rental value of the land with water supply and its rental value as it was must be the test.

It follows that the judgment of the district court must be reversed and the cause remanded for further proceedings, which is done.

REVERSED.