AMANDA K. GILBERT, APPELLEE, V. GEORGE ROTHE ET AL.,
APPELLANTS.

FILED JULY 15, 1921.   No. 21606.

1. **Action:** CONSTRUCTION OF PLEADING. A petition alleging facts
which show that plaintiff was the owner of the merchandise in a
store conducted by him, and that he was wrongfully dispossessed
by defendants who illegally seized the merchandise and de-
tained the stock five days, thus causing damages in a specific
amount pleaded, *held* to state a cause of action for trespass cog-
nizable in a court of law, notwithstanding an unnecessary plea
that defendants acted pursuant to a conspiracy to violate an in-
junction granted by a court of equity.

2. **Sheriffs:** WRONGFUL LEVY: LIABILITY. A sheriff who levies on
property of a wife under an execution against her husband is
liable for resulting damages.

3. **Process, Abuse of:** LIABILITY. A judgment creditor who know-
ingly advises or ratifies an abuse of process resulting in a wrong-
ful seizure of personal property to satisfy the judgment is liable
as a trespasser.

4. **Trespass:** DAMAGES. In the absence of fraud, malice or other ag-
gravating circumstances, mental suffering is not an element of
damages for a trespass resulting in a sheriff's temporary seizure
of personal property.

5. ———: MEASURE OF DAMAGES. In the absence of malice, fraud or
other aggravating circumstances, the measure of recovery for a
trespass resulting in the seizure and temporary detention of per-
sonal property under an execution is the actual pecuniary damage
caused by such unauthorized acts.

6. ———: DAMAGES. Where a store is closed by the wrongful act
of a sheriff in seizing and in temporarily detaining the merchan-
dise therein under an execution, loss of profits and loss of good-
will are provable as elements of damage in an action of tresspass.

7. ———: ———: PROOF. To justify a substantial recovery for the
loss of good-will and for the loss of profits in an action of tres-
pass against a sheriff for the seizure and temporary detention of
a stock of merchandise in a store, the evidence must contain
sufficient data to enable the jury, with a reasonable degree of
certainty and exactness, to estimate the actual damages.

8. **Evidence:** VALUE OF MERCHANDISE. The owner of a stock of mer-

chandise may, as such owner, if he knows its value, testify there-to.

APPEAL from the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE. *Reversed.*

*A. G. Wolfenbarger* and *Ross P. Anderson,* for appellants.

*R. J. Greene,* contra.

Heard before MORRISSEY, C.J., ALDRICH, DAY, DEAN, LETTON and ROSE, JJ.

ROSE, J.

This is an action by Amanda K. Gilbert, plaintiff, to recover damages resulting from the illegal acts of defendants in seizing the stock of goods in a bookstore owned and conducted by her in Lincoln, in dispossessing her, and in detaining her property five days before returning it to her. The items of damages pleaded are: Injuring and destroying stock, $1,000; destroying plaintiff's business from October 1, 1918, to October 6, 1918, and injuring it for a year thereafter, $1,000; "mortification, humiliation, and disgrace," $1,000; total $3,000. Defendant Lorenzo A. Simmons was the sheriff and defendant George Rothe was deputy sheriff. They seized and detained plaintiff's property under an execution issued by direction of defendant Gertrude J. Cooper. The bookstore was formerly owned by David B. Gilbert, husband of plaintiff, but she bought it for $1,910 in March, 1918, at the foreclosure sale of a chattel mortgage which he had executed. The husband, as principal debtor, and plaintiff had previously executed in favor of defendant Cooper a note for $2,500 and had secured the debt by a mortgage on a lot in Lincoln. The amount due on the real estate mortgage March 22, 1918, when a decree of foreclosure was rendered, was $2,731.47. After the mortgaged lot had been sold at sheriff's sale to satisfy the decree, a balance of $485.45 due on the secured note remained unpaid. Though plaintiff, the wife of the prin-

Gilbert v. Rothe.

cipal debtor, had not bound her separate estate for the payment of her husband's debt, and was not personally liable therefor, a deficiency judgment was rendered against both her and her husband for $485.45, August 3, 1918. On this deficiency judgment defendant Cooper caused an execution to be issued to the sheriff August 13, 1918. To prevent proceedings under the writ a restraining order granted by the district court was served on defendant Cooper August 29, 1918. It was while the restraining order was in force that the sheriff dispossessed plaintiff and seized and detained her stock of goods. The judge presiding in the equity court ordered the release of the levy and the return of the goods October 6, 1918. Later the deficiency judgment was set aside in the equity court as to plaintiff herein and a perpetual injunction was granted to prevent defendants herein from proceeding under the execution. In the present case defendants demurred to the petition on the ground, among others, that the action is one to recover damages for the violation of an injunction and cognizable only in the equity court where the injunction was granted. The demurrer was overruled, but was renewed in an answer, admitting that plaintiff was the owner of the stock of goods when seized, and denying that defendants committed any unlawful act resulting in damage to plaintiff. The trial court directed a nonsuit as to the plea for "mortification, humiliation, and disgrace," and instructed the jury that plaintiff, on the admissions and the undisputed evidence, was entitled to recover nominal damages, at least, and such actual pecuniary damages, if any, as she had sustained as a result of the seizure and detention of her property. From a judgment in favor of plaintiff for $1,000, defendants have appealed.

The litigants do not agree on the nature of the action. Defendants argue that their demurrer should have been sustained, because, under their interpretation of the petition, they are sued for violating an injunction and consequently are answerable only in equity for the wrongs

pleaded. Plaintiff calls her case an action at law to recover damages for trespass resulting in the seizure and detention of her personal property. Viewed in that light, she unnecessarily pleaded a conspiracy by defendants to violate the restraining order and to deprive her of her property. The petition nevertheless alleges, in substance, that she was the owner of the stock of goods, that defendants wrongfully dispossessed her and seized her merchandise, and that they illegally detained it for five days, thus causing the damages pleaded. Under the liberal construction of pleadings authorized by the code, the trial court properly held that plaintiff stated a cause of action for trespass. With that understanding, the case was tried as an action at law, and defendants have no substantial reason to complain of the overruling of their demurrer or of the action of the trial court in assuming jurisdiction as a court of law.

A more serious question is raised by the contention that there is no competent evidence sufficient to sustain a verdict in favor of plaintiff for $1,000. The store was wrongfully closed for five days during a busy season, and to the extent of nominal damages, at least, there was no defense to plaintiff's claim. The amount of the actual damages, however, depends on competent evidence. The principles of law applicable to a case of this kind are generally well settled.

A sheriff who levies on property of a wife under an execution against her husband is liable for resulting damages.

A judgment creditor who knowingly advises or ratifies an abuse of process resulting in a wrongful seizure of personal property to satisfy the judgment is liable as a trespasser. *Murray v. Mace*, 41 Neb. 60.

In the absence of fraud, malice or other aggravating circumstances, mental suffering is not an element of damages for a trespass resulting in a sheriff's temporary seizure of personal property. *Murray v. Mace*, 41 Neb. 60.

In the absence of malice, fraud or other aggravating cir-

cumstances, the measure of recovery for a trespass result-
ing in the seizure and temporary detention of personal
property under an execution is the actual pecuniary dam-
age caused by such unauthorized acts. *Murray v. Mace,*
41 Neb. 60.

. Where a store is closed by the wrongful act of a sheriff
in seizing and in temporarily detaining the merchandise
therein under an execution, loss of profits and loss of
good-will are provable as elements of damage in an action
of trespass. 12 R. C. L. 996, sec. 18; *Kyd v. Cook,* 56
Neb. 71.

To justify a substantial recovery for the loss of good-
will and for the loss of profits in an action of trespass
against a sheriff for the seizure and temporary deten-
tion of a stock of merchandise in a store, the evidence
must contain sufficient data to enable the jury, with a
reasonable degree of certainty and exactness, to estimate
the actual damages. 12 R. C. L. 996, sec. 18; *Kyd v. Cook,*
56 Neb. 71; *Sessinghaus Milling Co. v. Hanebrink,* 247
Mo. 212, Ann. Cas. 1914B, 875; *Burckhardt v. Burck-
hardt,* 42 Ohio St. 474; *Nightingale v. Scannell,* 18 Cal.
315; *Shaw v. Jones, Newton & Co.,* 133 Ga. 446.

The owner of a stock of merchandise may, as such
owner, if he knows its value, testify thereto. *Jensen v.
Palatine Ins. Co.,* 81 Neb. 523; *Hespen v. Union P. R. Co.,*
82 Neb. 495; *Neal v. Missouri P. R. Co.,* 98 Neb. 460.

In the present case there was no foundation for the re-
covery of damages for "mortification, humiliation, and
disgrace," and the trial court properly withdrew that issue
from the jury. The other claims for damages were: In-
juring and destroying stock, $1,000, and destroying plain-
tiff's business for five days and injuring it for a year,
$1,000. There was no proof of the extent to which any
particular article of property was injured, or of the value
of any missing or destroyed property. There was no evi-
dence to support a finding that any article was either
taken from the stock or physically destroyed as a result
of seizure and detention. The extent of actual damages

depends on the testimony of plaintiff and her husband. Plaintiff was a teacher and had no personal knowledge of the value of her merchandise, but, as owner, she was permitted to testify that the value of the stock, when seized, was $5,000, and, when returned, $3,000. Her husband, who had qualified himself as a witness, testified to the same effect. The testimony of both, however, shows that the principal elements of actual pecuniary damages were loss of profits and loss of good-will. The proofs contained no direct evidence showing the extent of the loss of profits, or of the loss of good-will, or of items comprising either. Both of these elements are susceptible of competent proof directed specifically thereto. For the failure to adduce such evidence no reason is given. The jury were left without sufficient data to enable them, with a reasonable degree of certainty and exactness, to estimate the actual damages based on the loss of profits and the loss of good-will. Under the circumstances of this case general opinions of value before and after seizure do not take the place of proper data. The judgment for $1,000 is not supported by sufficient competent evidence. It is therefore reversed and the cause remanded for further proceedings.

REVERSED.