CHRIS M. NAUENBURG, APPELLANT AND CROSS-APPELLEE, V.
SHARON LEWIS, APPELLEE AND CROSS-APPELLANT.
JEREMY MCCLOUD AND LOGAN MCCLOUD, APPELLANTS
AND CROSS-APPELLEES, V. SHARON LEWIS,
APPELLEE AND CROSS-APPELLANT.

655 N.W.2d 19

Filed January 10, 2003.   Nos. S-01-576, S-01-577.

James L. Zimmerman, of Sorensen, Zimmerman & Mickey, P.C., for appellants.

Steven W. Olsen, of Simmons, Olsen, Ediger, Selzer, Ferguson & Carney, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

Chris M. Nauenburg, Jeremy McCloud, and Logan McCloud (collectively the appellants) brought these civil actions for false imprisonment against Sharon Lewis in the district court for Scotts Bluff County. The appellants allege that Lewis, acting as a private citizen, provided information to the Nebraska State Patrol which caused the State Patrol to falsely arrest and detain the appellants. A consolidated jury trial resulted in verdicts in Lewis' favor. The appellants filed these appeals, arguing error in the jury instructions, and Lewis cross-appealed. We find no error in the jury instructions and thus affirm.

## BACKGROUND

On October 26, 1998, Lewis traveled from Kimball, Nebraska, to Scottsbluff, Nebraska, to attend a class. Lewis was employed as a Kimball police officer, but was off duty at all relevant times that day. On her way out of Kimball, Lewis drove past an apartment complex that was under surveillance. One of the residents of the complex had previously been arrested for possession of

drugs, and another was under suspicion for a burglary in which weapons had been stolen. Lewis was driving her personal vehicle at the time.

As Lewis approached the apartment complex, she saw a gray Mercury Cougar that had backed out of the complex's parking lot into the street. The Cougar was driven by Nauenburg, and Jeremy was a passenger in the car. The two drove off in the Cougar, but several blocks later, Lewis again encountered the Cougar as both vehicles departed Kimball on the same highway, with Lewis trailing behind the Cougar. As the vehicles were leaving Kimball on the highway, Lewis estimated that the Cougar was traveling approximately 55 m.p.h. in the 40-m.p.h. zone. After exiting the city limits, Lewis estimated that the Cougar was traveling at 75 m.p.h. in the 60-m.p.h. zone.

After a short distance, both vehicles reached the location at which the highway turns into a four-lane highway, with two lanes traveling in either direction. Lewis then observed the Cougar weaving in its lane, swerving across the centerline and onto the shoulder. Lewis called a State Patrol dispatcher to report her observations of Nauenburg's driving behavior, as well as the circumstances surrounding the apartment in Kimball from which they had left. The dispatcher relayed the information to a State Patrol trooper.

Lewis continued to follow the Cougar as both vehicles traveled toward Scottsbluff. After some time, Lewis noticed a second vehicle pass her and follow Nauenburg and Jeremy at a distance of less than one car length. This vehicle was driven by Logan. Lewis made a second call to the dispatcher to report her observations that the two vehicles were speeding and driving erratically, and the dispatcher again relayed the information to the State Patrol trooper.

The two vehicles driven by Nauenburg and Logan were stopped by several State Patrol troopers. With their guns drawn, the troopers ordered Nauenburg and Jeremy out of the Cougar and handcuffed them. Logan exited his vehicle and was also handcuffed. During the approximately 2-hour detainment at the side of the highway, the troopers did not discover any weapons or drugs. The troopers also determined that none of the

appellants were under the influence of drugs or alcohol. Nauenburg and Logan were cited for reckless driving, although the citations were later dismissed.

On May 4, 1999, Jeremy and Logan jointly filed a tort action against Lewis for outrageous conduct and false imprisonment. On June 4, Nauenburg did the same. After answering the petitions, Lewis filed a motion for summary judgment in each case. The district court granted each motion in part and denied each in part. The court found that there were no genuine issues of material fact and that Lewis was entitled to judgment as a matter of law on the appellants' outrageous conduct claims. However, the court also found that genuine issues of material fact existed as to the appellants' false imprisonment claims; thus, the now-consolidated cases proceeded to trial on these claims.

At trial, the jury was instructed that to recover, the appellants had to prove the following:

1. That

a. Sharon Lewis knew her reports to the dispatcher were false, and that the reports were a determining factor in the officer's decision to arrest, or

b. Sharon Lewis procured the [appellants'] unlawful arrest through her affirmative direction, persuasion, or request; and

2. That no probable cause existed to arrest the [appellants]; and

3. The nature and extent of damage suffered by the [appellants] proximately caused by the arrest.

The jury also received the following instructions:

In Nebraska, a peace officer may arrest a person without a warrant if the officer has probable cause to believe that such person has committed:

(1) A felony; or

(2) A misdemeanor, and the officer has probable cause to believe that such person either

(a) will not be apprehended unless immediately arrested,

(b) may cause injury to himself or herself or others or damage to property unless immediately arrested,

(c) may destroy or conceal evidence of the commission of such misdemeanor, or

(d) has committed a misdemeanor in the presence of the officer.

A private citizen who by affirmative direction, persuasion, or request procures an unlawful arrest and detention of another is liable for false imprisonment. If an informer merely states to a peace officer his or her knowledge of a supposed offense and the officer makes the arrest entirely upon the officer's own judgment and discretion, the informer is not liable. If an informer knowingly gives to an officer false information which is a determining factor in the officer's decision to make an arrest, the informer is liable.

After deliberating, the jury returned verdicts in favor of Lewis and against each of the appellants. The appellants' motions for new trial were denied, and these appeals followed. We moved the cases to our docket pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

The appellants assign, restated, that the district court erred in (1) instructing the jury when a peace officer may arrest a person without a warrant and (2) refusing to allow them to ask Trooper Kevin Krzyzanowski at trial whether he agreed with the county attorney's decision to dismiss the traffic citations issued to Nauenburg and Logan.

On cross-appeal, Lewis assigns that the district court erred in (1) denying her motion for summary judgment on the issue of false imprisonment and (2) finding that the information supplied by Lewis was not privileged.

## STANDARD OF REVIEW

Whether a jury instruction given by a trial court is correct is a question of law. See *Malone v. American Bus. Info.*, 264 Neb. 127, 647 N.W.2d 569 (2002). When reviewing questions of law, an appellate court has an obligation to resolve the questions

independently of the conclusion reached by the trial court. *In re Application No. C-1889*, 264 Neb. 167, 647 N.W.2d 45 (2002).

## ANALYSIS

■ The issue presented by the appellants is whether the district court erred in instructing the jury when a peace officer may arrest a person without a warrant. In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Nebraska Nutrients v. Shepherd*, 261 Neb. 723, 626 N.W.2d 472 (2001). In reviewing a claim of prejudice from instructions given or refused, the instructions must be read together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error. *Smith v. Fire Ins. Exch. of Los Angeles*, 261 Neb. 857, 626 N.W.2d 534 (2001).

■ There is no dispute concerning the elements of a civil action for false imprisonment. A private citizen who, by affirmative direction, persuasion, or request, procures an unlawful arrest and detention of another is liable for false imprisonment. If an informer merely states to a peace officer his or her knowledge of a supposed offense and the officer makes the arrest entirely upon the officer's own judgment and discretion, the informer is not liable. If an informer knowingly gives to an officer false information which is a determining factor in the officer's decision to make an arrest, the informer is liable. *Johnson v. First Nat. Bank & Trust Co.*, 207 Neb. 521, 300 N.W.2d 10 (1980). The jury was correctly instructed regarding these elements.

■ In addition, the jury was correctly instructed concerning when a peace officer may arrest a person without a warrant because such an instruction was supported by the evidence at trial. In *State v. Wilen*, 4 Neb. App. 132, 141-42, 539 N.W.2d 650, 658 (1995), the Court of Appeals recognized that

"[a] police officer on 'off-duty' status is nevertheless not relieved of the obligation as an officer to preserve the public peace and to protect the lives and property of the citizens of the public in general. Indeed, police officers are

considered to be under a duty to respond as police officers 24 hours a day."

Quoting 16A Eugene McQuillin et al., The Law of Municipal Corporations § 45.15 (3d ed. 1992). Despite the fact that Lewis was off-duty on October 26, 1998, she nevertheless retained her status as a police officer, and the nature of her activities that day while off duty was connected to her official duties. She testified that she drove past the apartment complex where she had initially encountered Nauenburg and Jeremy because the complex had been under surveillance by the police. While Lewis' status as a police officer may implicate issues of immunity, the parties have not raised this issue and we will not consider it.

We have recognized that probable cause is to be evaluated by the collective information of the police engaged in a common investigation. See *State v. Soukharith*, 253 Neb. 310, 570 N.W.2d 344 (1997). A reasonably founded suspicion to stop a vehicle cannot be based solely on the receipt by the stopping officer of a radio dispatch to stop the described vehicle without any proof of the factual foundation for the relayed message. *Id.* The evidence in this case establishes that the State Patrol troopers who stopped the appellants had no firsthand knowledge of any facts constituting probable cause. However, probable cause was established by the collective knowledge of the police involved in the appellants' stop. That includes the factual information personally observed by Lewis, acting in her official capacity as a police officer, and ultimately relayed to the State Patrol troopers.

Based on this analysis, the appellants' argument fails. The inclusion of the disputed jury instruction did not prejudice the appellants. The instruction, a nearly verbatim reproduction of the relevant portions of Neb. Rev. Stat. § 29-404.02 (Reissue 1995), correctly stated the law in Nebraska. Furthermore, the instruction was supported by the evidence adduced at trial.

The appellants also assign that the district court erred when it refused to allow them to ask Trooper Krzyzanowski at trial whether he agreed with the county attorney's decision to dismiss the traffic citations issued to Nauenburg and Logan. However, the appellants fail to discuss this claimed prejudicial error in their briefs, and we will not consider it. See *Henriksen*

*v. Gleason*, 263 Neb. 840, 643 N.W.2d 652 (2002) (claimed prejudicial error must not only be assigned, but must also be discussed in brief of asserting party, and appellate court will not consider assignments of error which are not discussed in brief).

Given our resolution of the appellants' assignments of error, we need not address Lewis' cross-appeal.

## CONCLUSION

The district court did not err in instructing the jury concerning when a peace officer may make an arrest without a warrant because such an instruction was warranted by the evidence and did not prejudice the appellants. Thus, the judgments of the district court are affirmed.

AFFIRMED.