LAWRENCE PRIBIL, APPELLANT, V.
BARTON AND SANDRA KOINZAN, HUSBAND
AND WIFE, ET AL., APPELLEES.
665 N.W.2d 567

Filed July 3, 2003.   No. S-01-251.

George H. Moyer, Jr., of Moyer, Moyer, Egley, Fullner & Warnemunde, for appellant.

David J. Partsch and Thomas H. DeLay, of Jewell, Collins, DeLay & Gray, for appellees Barton and Sandra Koinzan.

Kathleen Koenig Rockey, of Copple & Rockey, P.C., for appellees Terry Held and Genevieve Shaw.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## BACKGROUND

Lawrence Pribil sued Barton and Sandra Koinzan, Terry Held, and Genevieve Shaw (collectively the defendants) for damages that the Koinzans' cattle inflicted on Pribil's mature corn and soybean crops on several quarter sections of irrigated land. The Koinzans' cattle escaped from Shaw's land and went onto Pribil's neighboring fields. A summary judgment on the issue of liability was granted, and liability is not disputed in this appeal. In Pribil's operative petition, he sought $164,079.42 in damages, but the jury returned a verdict for $34,920.60. Pribil appealed, and the Nebraska Court of Appeals affirmed the judgment of the district court. See *Pribil v. Koinzan*, 11 Neb. App. 199, 647 N.W.2d 110 (2002). Pribil petitioned for further review, which we granted.

## ASSIGNMENT OF ERROR

Pribil's three assignments of error on further review combine to advance one claim: The Court of Appeals erred in its analysis

of the district court's jury instruction No. 8C, which dealt with damages.

## STANDARD OF REVIEW

■ Whether a jury instruction given by a trial court is correct is a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Jay v. Moog Automotive*, 264 Neb. 875, 652 N.W.2d 872 (2002).

## ANALYSIS

The factual details of the case are set forth in the opinion of the Court of Appeals, and most of the facts need not be repeated here, except those that give context to the issue on further review. Pribil is a 70-year-old farmer with many years' experience growing corn and soybeans on irrigated land southwest of O'Neill, Nebraska. The land is irrigated by center-pivot irrigation systems. These systems work by pivoting a suspended pipe with sprinklers on it around the center of a quarter section, which is usually 160 acres. Thus, each system irrigates only about 130 acres of each quarter section. The irrigated portion of each quarter section is commonly called a circle. In 1996, Pribil raised corn and soybeans on 13 circles. The cattle trespassed upon only five circles that were adjacent to Shaw's land and to each other. It is undisputed that between September 23 or 25 and the end of October, cattle for which the defendants were legally responsible escaped and got into and damaged or destroyed the corn and soybeans on these five circles.

Pribil computed his lost yield to be 26,311 bushels of corn and 2,153 bushels of soybeans on the five circles. Although there was testimony that some of the corn had been damaged and replanted in May 1996, prior to the damage inflicted by the Koinzans' cattle, the evidence indicated that the replanted corn had "caught up" with the remaining corn by September 25 and was fully mature at that time. Pribil testified that the beans were ready to harvest and that he had stopped watering the corn and was waiting for it to dry prior to harvest. In short, the record establishes beyond reasonable dispute that the corn and beans were mature crops by the time they were damaged by the Koinzans' cattle.

The sole issue presented by Pribil's petition for further review concerns the instructions given to the jury with respect to the measure of damages and Pribil's burden of proof. Jury instruction No. 8C, given over objection, provided that "[t]he evidence must establish the amount of any item of damage with reasonable certainty or that item of damage cannot be recovered." Pribil argues that this instruction is in conflict with the standard jury instruction regarding damages, instantiated in this case by instruction No. 6A(3), which provides that "[b]efore [Pribil] can recover against the defendants on [Pribil's] claim, [Pribil] must prove, by the greater weight of the evidence, the nature and extent of the damage to the corn and soybean crops." See NJI2d Civ. 2.12A. Pribil contends, in essence, that "reasonable certainty" is a different burden of proof for plaintiffs' damages than "the greater weight of the evidence."

The Court of Appeals rejected Pribil's argument. The Court of Appeals stated:

We believe that *Worth v. Schillereff*, 233 Neb. 628, 447 N.W.2d 480 (1989), is the case which controls the issue presented by instruction No. 8C. *Worth* was a suit for personal injuries sustained in an automobile accident. The plaintiff sought special and general damages, including future damages . . . . The court instructed the jury that future damages must be " 'reasonably certain.' " *Id*. at 630, 447 N.W.2d at 482. The plaintiff appealed, arguing that the trial court erred in so instructing the jury " 'when the standard which has been recognized in this state since 1981 is "reasonably probable".' " *Id*. at 630, 447 N.W.2d at 483. The plaintiff in *Worth* argued essentially the same point as Pribil argues in this case.

In addition, in holding that an instruction almost identical to the one given by the trial court in this case in instruction No. 8C was not error, the *Worth* court stated: "This court has said that 'reasonable certainty' and 'reasonable probability' are one and the same thing." 233 Neb. at 633, 447 N.W.2d at 484, citing *Lane v. State Farm Mut. Automobile Ins. Co.*, 209 Neb. 396, 308 N.W.2d 503 (1981). With this statement and holding by the Nebraska Supreme Court, we conclude there is nothing further to discuss. We believe the *Worth* court

clearly held that "reasonable certainty" and "reasonable probability" mean the same thing and that it is not error for a trial court to instruct that damages must be proved by the plaintiff with reasonable certainty, notwithstanding that the plaintiff's burden of proof is by the greater weight of evidence.

*Pribil v. Koinzan*, 11 Neb. App. 199, 213-14, 647 N.W.2d 110, 121 (2002).

Pribil argues that the Court of Appeals missed the point and that *Worth v. Schillereff*, 233 Neb. 628, 447 N.W.2d 480 (1989), is distinguishable because it dealt with prospective damages. See, e.g., NJI2d Civ. 4.01. Pribil's contention is that instructing the jury that damages must be proved with "reasonable certainty" is proper only when the damages at issue are future or contingent damages and the issue is whether or not certain contingencies are likely to come to pass in the future. Pribil argues that there are no future contingencies to consider once a crop is mature; the measure of damages for the destruction of a mature crop is the difference between the value of the crop if there had been no injury and the value of the actual crop harvested. Pribil contends that under these circumstances, "the greater weight of the evidence" is the only burden of proof on which the jury should be instructed.

■ In reviewing a claim of prejudice from instructions given or refused, an appellate court must read the instructions together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error. See *Nauenburg v. Lewis*, 265 Neb. 89, 655 N.W.2d 19 (2003). We conclude that instruction No. 8C was not a correct statement of the law, given the evidence that Pribil's crops were mature at the time of the damage or destruction, and that the judgments of the Court of Appeals and the district court must be reversed.

■ We have often stated that a plaintiff's evidence of damages may not be speculative or conjectural and must provide a reasonably certain basis for calculating damages. The general rule is that uncertainty as to the fact of whether damages were sustained at all is fatal to recovery, but uncertainty as to the amount is not if the evidence furnishes a reasonably certain factual basis

for computation of the probable loss. *Sack Bros. v. Tri-Valley Co-op*, 260 Neb. 312, 616 N.W.2d 786 (2000). A plaintiff's burden of offering evidence sufficient to prove damages cannot be sustained by evidence which is speculative and conjectural, but proof of damages to a mathematical certainty is not required; the proof is sufficient if the evidence is such as to allow the trier of fact to estimate actual damages with a reasonable degree of certainty and exactness. See *III Lounge, Inc. v. Gaines*, 227 Neb. 585, 419 N.W.2d 143 (1988).

We have consistently framed the question whether the evidence of damages is "reasonably certain" as a question of law, and not as a matter to be decided by the trier of fact. See, e.g., *Sack Bros., supra; O'Connor v. Kaufman*, 260 Neb. 219, 616 N.W.2d 301 (2000); *Gagne v. Severa*, 259 Neb. 884, 612 N.W.2d 500 (2000); *Phipps v. Skyview Farms*, 259 Neb. 492, 610 N.W.2d 723 (2000); *Union Ins. Co. v. Land and Sky, Inc.*, 253 Neb. 184, 568 N.W.2d 908 (1997); *World Radio Labs. v. Coopers & Lybrand*, 251 Neb. 261, 557 N.W.2d 1 (1996); *Evergreen Farms v. First Nat. Bank & Trust*, 250 Neb. 860, 553 N.W.2d 728 (1996); *McWhirt v. Heavey*, 250 Neb. 536, 550 N.W.2d 327 (1996); *Bristol v. Rasmussen*, 249 Neb. 854, 547 N.W.2d 120 (1996); *Lone Cedar Ranches v. Jandebeur*, 246 Neb. 769, 523 N.W.2d 364 (1994); *Bakody Homes & Dev. v. City of Omaha*, 246 Neb. 1, 516 N.W.2d 244 (1994); *Buell, Winter, Mousel & Assoc. v. Olmsted & Perry*, 227 Neb. 770, 420 N.W.2d 280 (1988); *III Lounge, Inc., supra; Shadow Isle, Inc. v. Granada Feeding Co.*, 226 Neb. 325, 411 N.W.2d 331 (1987); *Sesostris Temple Golden Dunes v. Schuman*, 226 Neb. 7, 409 N.W.2d 298 (1987); *Lis v. Moser Well Drilling & Serv.*, 221 Neb. 349, 377 N.W.2d 98 (1985); *Peterson v. North American Plant Breeders*, 218 Neb. 258, 354 N.W.2d 625 (1984); *Knoell Constr. Co., Inc. v. Hanson*, 209 Neb. 461, 308 N.W.2d 356 (1981); *Hein v. M & N Feed Yards, Inc.*, 205 Neb. 691, 289 N.W.2d 756 (1980); *Tyler v. Olson Bros. Mfg. Co., Inc.*, 201 Neb. 79, 266 N.W.2d 216 (1978); *Shotkoski v. Standard Chemical Manuf. Co.*, 195 Neb. 22, 237 N.W.2d 92 (1975); *Midlands Transp. Co. v. Apple Lines, Inc.*, 188 Neb. 435, 197 N.W.2d 646 (1972); *Frank H. Gibson, Inc. v. Omaha Coffee Co.*, 179 Neb. 169, 137 N.W.2d 701 (1965); *State v. Dillon*, 175 Neb. 350, 121 N.W.2d 798 (1963); *Wischmann v. Raikes*, 168 Neb. 728, 97

N.W.2d 551 (1959); *Patrick v. City of Bellevue*, 164 Neb. 196, 82 N.W.2d 274 (1957); *Selig v. Wunderlich Contracting Co.*, 160 Neb. 215, 69 N.W.2d 861 (1955); *Ricenbaw v. Kraus*, 157 Neb. 723, 61 N.W.2d 350 (1953); *Faught v. Dawson County Irrigation Co.*, 146 Neb. 274, 19 N.W.2d 358 (1945); *Snyder v. Platte Valley Public Power and Irrigation District*, 144 Neb. 308, 13 N.W.2d 160 (1944); *James Poultry Co. v. City of Nebraska City*, 136 Neb. 456, 286 N.W. 337 (1939); *Meister v. Krotter*, 134 Neb. 293, 278 N.W. 483 (1938); *Gledhill v. State*, 123 Neb. 726, 243 N.W. 909 (1932); *Gilbert v. Rothe*, 106 Neb. 549, 184 N.W. 119 (1921); *Wade v. Belmont Irrigating Canal & Water Power Co.*, 87 Neb. 732, 128 N.W. 514 (1910).

In other words, the initial question of law for the trial court is whether the evidence of damages provides a basis for determining damages with reasonable certainty, i.e., the evidence of damages is not speculative or conjectural. If the evidence does provide such a basis, the issue of damages can be submitted to the jury. The jury, however, is not charged with the duty of determining whether the evidence of damages is reasonably certain; rather, the jury is instructed that the plaintiff must prove the nature and extent of damages by the greater weight of the evidence. See, e.g., NJI2d Civ. 2.12A.

The one context in which we have held that the jury is to be instructed that damages must be proved with "reasonable certainty" is when the plaintiff seeks prospective damages, such as recovery for future pain and suffering or loss of earning capacity, and the evidence warrants such an instruction. In those cases, we have held that the jury is to award such damages only where the evidence shows that the future earnings or pain and suffering for which recovery is sought are "reasonably certain" to occur. See, e.g., *Snyder v. EMCASCO Ins. Co.*, 259 Neb. 621, 611 N.W.2d 409 (2000); *Worth v. Schillereff*, 233 Neb. 628, 447 N.W.2d 480 (1989); *Uryasz v. Archbishop Bergan Mercy Hosp.*, 230 Neb. 323, 431 N.W.2d 617 (1988); *Steinauer v. Sarpy County*, 217 Neb. 830, 353 N.W.2d 715 (1984); *Bassinger v. Agnew*, 206 Neb. 1, 290 N.W.2d 793 (1980); *LeMieux v. Sanderson*, 180 Neb. 311, 142 N.W.2d 557 (1966); *Schwab v. Allou Corp.*, 177 Neb. 342, 128 N.W.2d 835 (1964); *Bresley v. O'Connor Inc.*, 163 Neb. 565, 80 N.W.2d 711 (1957); *Remmenga*

v. *Selk*, 152 Neb. 625, 42 N.W.2d 186 (1950); *Jensen v. Omaha & C. B. Street R. Co.*, 127 Neb. 599, 256 N.W. 65 (1934); *Schwarting v. Ogram*, 123 Neb. 76, 242 N.W. 273 (1932); *Garrison v. Everett*, 112 Neb. 230, 199 N.W. 30 (1924); *Morfeld v. Weidner*, 99 Neb. 49, 154 N.W. 860 (1915); *Bower v. Chicago & N. W. R. Co.*, 96 Neb. 419, 148 N.W. 145 (1914); *Svetkovic v. Union P. R. Co.*, 95 Neb. 369, 145 N.W. 990 (1914); *Johnson v. Johnson*, 81 Neb. 60, 115 N.W. 323 (1908); *Nixon v. Omaha & C. B. Street R. Co.*, 79 Neb. 550, 113 N.W. 117 (1907); *City of South Omaha v. Sutliffe*, 72 Neb. 746, 101 N.W. 997 (1904); *Chicago, R. I. & P. R. C. v. McDowell*, 66 Neb. 170, 92 N.W. 121 (1902); *Omaha & R. V. R. Co. v. Brady*, 39 Neb. 27, 57 N.W. 767 (1894). See, also, *Dorsey v. Yost*, 151 Neb. 66, 69, 36 N.W.2d 574, 576 (1949) (recovery of damages to mother for wrongful death of daughter limited to monetary benefits that would with " 'reasonable certainty' " have resulted to mother from continued life of daughter), *overruled on other grounds, Reiser v. Coburn*, 255 Neb. 655, 587 N.W.2d 336 (1998).

When the plaintiff seeks prospective damages, the contingent nature of the damages claimed inherently requires consideration of future events that can only be reasonably predicted, but not conclusively proved, at the time of trial. In such instances, the jury should be instructed, when the evidence warrants, that the plaintiff may recover damages for injuries "reasonably certain" to be incurred in the future. See, e.g., NJI2d Civ. 4.01.

■ Applying these principles to crop damage cases, we note that the measure of damages for the destruction of an *unmatured* growing crop is the value the crop would have had if it had matured, minus any savings to the plaintiff in the costs of producing, harvesting, and transporting the crop to market. *Bristol v. Rasmussen*, 249 Neb. 854, 547 N.W.2d 120 (1996). See, *Romshek v. Osantowski*, 237 Neb. 426, 466 N.W.2d 482 (1991); *Pulliam v. Miller*, 108 Neb. 442, 187 N.W. 925 (1922). We have explained that damages based upon the value of an unmatured crop are analogous to profits lost and are governed by the same rule precluding recovery in cases of either uncertainty or remoteness. *Bristol, supra; Romshek, supra.* As a result, this court has listed several factors that may assist the trier of fact in determining the value of an unmatured crop at the time of its injury or

destruction, including the nature of the land; the type of crop planted; the kind of season, whether wet or dry; the yield of crops growing in such a season; the average yield of crops on neighboring land; the development of the crop at the time of destruction; the yield of a similar crop not injured; the market value of the crop as injured; the market value of the probable crop without injury; the time of the injury; the expense that would have been incurred if the crop had not been injured; the circumstances which surrounded the crop which may have resulted in the crop's not maturing; and other circumstances illustrated by the evidence tending to establish such value. See *id.* Proof on these factors assists a trier of fact to determine with some reasonable degree of certainty the value of a crop had it fully matured.

On the other hand, we long ago established that the measure of damages for the destruction of a *mature* crop is the difference between the value of the mature crop if there had been no injury and the value of the actual crop harvested, less the necessary costs of harvesting and transporting the crop to market. Thus, when a mature crop is destroyed, damages may be proved by showing the market value of the crop, less the necessary costs of finishing, harvesting, and transporting the crop to market. See, *id.*; *Kula v. Prososki,* 228 Neb. 692, 424 N.W.2d 117 (1988); *Pulliam, supra.* This is so because proving the value of a destroyed mature crop, while not subject to absolute mathematical certainty, does not suffer from the same type of uncertainty or remoteness as proving the value of a crop damaged prior to maturity. The measure of damages of a mature crop is not analogous to profits lost—the trier of fact need not be concerned with the crop's rate of growth, the weather, or other factors which might have contributed to or detracted from the crop's maturation during the course of a growing season. Those types of uncertainty are absent; the crop is mature at the time of the damage.

In this case, Pribil sought compensation for the damages inflicted on his *mature* corn and soybean crops. The damages sought by Pribil were not based on any future contingency; the crops were mature at the time of the destruction, and the damages were fully incurred at the time of trial. Consequently, the Court of Appeals erred in relying on *Worth v. Schillereff,* 233 Neb. 628, 447 N.W.2d 480 (1989), a prospective damages case, as a basis

for affirming the judgment in the instant case. Instead, because Pribil sought only present damages to fully mature crops, the appropriate instruction on Pribil's burden of proof on the issue of damages was instruction No. 6A(3): that Pribil was required to prove the nature and extent of his damages by the greater weight of the evidence. The district court erred in giving instruction No. 8C, which was not a correct statement of the law under these circumstances and had the practical effect of unintentionally elevating Pribil's burden of proof or, at a minimum, confusing the jury on the required quantum of proof.

In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Nauenburg v. Lewis*, 265 Neb. 89, 655 N.W.2d 19 (2003). Here, the jury was given two separate, and not entirely consistent, instructions on what Pribil was required to prove in order to recover the same measure of damages. A party's right to a fair trial may be substantially impaired by jury instructions that contain inconsistencies or confuse or mislead the jury. *Tapp v. Blackmore Ranch*, 254 Neb. 40, 575 N.W.2d 341 (1998). Conflicting instructions are erroneous unless it appears that the jury was not misled. *Dolberg v. Paltani*, 250 Neb. 297, 549 N.W.2d 635 (1996). A jury instruction that misstates the burden of proof has a tendency to mislead the jury and is erroneous. *David v. DeLeon*, 250 Neb. 109, 547 N.W.2d 726 (1996). In this case, we conclude that the potential for confusion created by instruction No. 8C establishes sufficient prejudice to require reversal of the district court's judgment on the issue of damages.

We note, for the sake of completeness, that three opinions of this court discuss jury instructions in which the jury was informed that the plaintiffs, seeking past and present damages, were nonetheless required to establish damages with "reasonable certainty." See, *Colvin v. Powell & Co., Inc.*, 163 Neb. 112, 77 N.W.2d 900 (1956); *Hopper v. Elkhorn Valley Drainage District*, 108 Neb. 550, 188 N.W. 239 (1922); *Russell v. Horn, Brannen & Forsyth Mfg. Co.*, 41 Neb. 567, 59 N.W. 901 (1894). In those cases, however, the defendants had appealed from verdicts and judgments entered in favor of the plaintiffs. Whether

the "reasonable certainty" language of the instructions was correct was neither presented to nor decided by this court. See *id.* A case is not authority for any point not necessary to be passed on to decide the case or not specifically raised as an issue addressed by the court. *Mach v. County of Douglas*, 259 Neb. 787, 612 N.W.2d 237 (2000).

## CONCLUSION

The Court of Appeals erred in affirming the judgment of the district court with respect to the issue of damages, because the district court's instruction that Pribil's evidence must establish the amount of damages with "reasonable certainty" was not warranted by the evidence in this case and was prejudicial to Pribil. Pribil did not seek further review of the other determinations of the Court of Appeals, so those issues are not before us and, on remand, stand as decided. See *US Ecology v. Boyd Cty. Bd. of Equal.*, 256 Neb. 7, 588 N.W.2d 575 (1999). The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Appeals with directions to reverse the judgment of the district court and remand the cause to the district court for a new trial on the issue of damages.

REVERSED AND REMANDED WITH DIRECTIONS.