IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

BENNETT V. WELSH

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

LORI J. BENNETT, APPELLANT,

V.

CHRISTOPHER P. WELSH AND WELSH & WELSH, P.C., L.L.O., APPELLEES.

Filed November 1, 2022.    No. A-21-849.

Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge. Affirmed.

Brandon B. Hanson, of Hanson Law Offices, for appellant.

Michael F. Coyle and Jessica L. Weborg, of Fraser Stryker, P.C., L.L.O., for appellees.

PIRTLE, Chief Judge, and BISHOP and ARTERBURN, Judges.

PIRTLE, Chief Judge.

INTRODUCTION

Lori J. Bennett appeals from the district court for Lancaster County which sustained two motions for summary judgment in favor of Christopher P. Welsh and Welsh & Welsh, P.C., L.L.O (Welsh). For the following reasons, we affirm.

BACKGROUND

Bennett underwent a "lap band surgery" on April 1, 2013, which procedure required Bennett to be intubated. Sometime in March 2015, very near to the running of the 2-year statute of limitations for medical malpractice actions, Bennett approached Welsh for counsel regarding a vocal cord injury that Bennett allegedly sustained during the intubation procedure. According to Welsh, he and Bennett agreed that if Bennett could get her malpractice claim on file prior to the

running of the statute of limitations, then Welsh would take Bennett's case on a preliminary basis and attempt to find an expert willing to testify on her behalf.

On March 26, 2015, Bennett filed a pro se medical malpractice complaint, alleging that she sustained an injury to her vocal cords as a result of negligence in the 2013 intubation procedure. Welsh entered his appearance in the medical malpractice case in May 2015, and continuously represented Bennett until July 25, 2016, when Welsh filed a stipulated dismissal with prejudice of Bennett's medical malpractice claim. Despite attempts to obtain an expert witness, Welsh was unable to find anyone to opine that negligence had occurred in the course of the intubation procedure.

Bennett filed a legal malpractice claim against Welsh in July 2018. Bennett generally alleged that Welsh failed to adequately prosecute the action and failed to adequately consult with her as a client. While not explicitly raised as a separate claim, Bennett's complaint included an allegation that Welsh failed to "properly safeguard property" with reference to a lost tape recorder that had been entrusted to Welsh.

Welsh filed an answer denying the pertinent allegations and asserting affirmative defenses. Welsh then filed a motion for summary judgment arguing that Bennett was unable to prove (1) that Welsh breached a duty to Bennett and (2) that Welsh proximately caused any damages. In support of summary judgment, Welsh submitted affidavits from two medical experts regarding Bennett's underlying medical malpractice claim. Both experts opined that all medical providers involved in Bennett's procedure had complied with the standard of care. Welsh further submitted his own affidavit opining that he at all times complied with the appropriate legal standard of care in his representation of Bennett.

Bennett did not dispute the expert medical opinions submitted by Welsh. Rather, Bennett's position was that her medical malpractice claim could have been successful under the theory of res ipsa loquitur. Bennett did dispute Welsh's opinion that he complied with the legal standard of care, however, she failed to submit any expert opinion to the contrary.

On September 24, 2020, the district court sustained Welsh's motion for summary judgment in part, and in part denied the motion. The court sustained the motion with respect to Welsh's representation of Bennett in the underlying medical malpractice claim. The court rejected Bennett's argument under res ipsa loquitur and found dispositive her failure to disclose an expert witness with regard to either the medical malpractice or legal malpractice claims. The court denied summary judgment with respect to Bennett's claim regarding Welsh's "failure to properly safeguard [Bennett's] property" (i.e., the tape recorder).

Thereafter, Welsh filed a second motion for summary judgment with respect to the remaining property claim, arguing that Bennett's claim to the tape recorder was "a conversion claim at best" and she failed to produce any evidence of fair market value. Bennett admitted that she failed to identify a "specific dollar figure" for the tape recorder, but she argued it was still a compensable loss, even if "minimal in amount." The only description of the tape recorder in the record is that it was 3 to 4 inches long and digital. On September 27, 2021, the district court sustained summary judgment with respect to the remaining property claim, finding that Bennett "has not provided any evidence whatsoever regarding the monetary value . . . of the voice recorder at issue." Bennett appealed from both orders granting summary judgment.

ASSIGNMENTS OF ERROR

Bennett assigns that the district court erred in (1) rejecting her arguments under the theory of res ipsa loquitur with respect to the underlying medical malpractice claim, (2) determining that Bennett failed to prove damages with respect to the tape recorder, and (3) finding that Bennett "has never disclosed that she is requesting any damages related to the voice recorder."

STANDARD OF REVIEW

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Kozal v. Snyder*, 312 Neb. 208, 978 N.W.2d 174 (2022). In reviewing the grant of a motion for summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, giving that party the benefit of all reasonable inferences deducible from the evidence. *Id.*

ANALYSIS

To prevail on a claim for legal malpractice, a plaintiff must prove (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, and (3) that such negligence resulted in and was the proximate cause of loss to the client. *Id.* Expert testimony is generally required to show whether an attorney's performance conformed to the standard of conduct. *Rice v. Poppe*, 293 Neb. 467, 881 N.W.2d 162 (2016). The failure to offer expert testimony means that the plaintiff failed to make a prima facie case unless the common-knowledge exception applies. See *id.* Under the common-knowledge exception, expert testimony is not needed if the alleged negligence is within the comprehension of laypersons. *Id.*

In the present case, there is no dispute as to Welsh's employment. Further, Bennett does not dispute that she failed to offer any expert testimony to contradict the expert opinions submitted by Welsh which weighed in favor of summary judgment on both the legal malpractice claim and underlying medical malpractice claim. The district court noted that the only expert opinion before the court on the legal standard of care was that of Welsh opining that he had at all times complied with the appropriate standard of care.

Unlike her argument with regard to the medical malpractice claim, Bennett does not argue that the common-knowledge exception applies to her legal malpractice claim. Thus, having failed to offer any expert testimony on the legal standard of care, Bennett failed to make a prima facie case of legal malpractice, and Welsh was entitled to summary judgment without regard to the applicability of res ipsa loquitur to Bennett's underlying medical malpractice claim. Nevertheless, for the sake of completeness, we briefly dispose of Bennett's argument that her medical malpractice claim could have been successful under the theory of res ipsa loquitur prior to addressing Bennett's second and third assignments of error.

*Res Ipsa Loquitur*.

When a plaintiff asserts attorney malpractice in a civil case, the plaintiff must show that he or she would have been successful in the underlying action but for the attorney's negligence. *Harris v. O'Connor*, 287 Neb. 182, 842 N.W.2d 50 (2014). Bennett's underlying medical

malpractice claim suffers from the same lack of expert testimony as her legal malpractice claim. Again, Bennett does not dispute that she failed to offer any expert testimony. Rather, Bennett relies exclusively on the doctrine of res ipsa loquitur.

In medical malpractice cases brought under the res ipsa loquitur doctrine, negligence may be inferred in three situations without affirmative proof: (1) when the act causing the injury is so palpably negligent that it may be inferred as a matter of law, i.e., leaving foreign objects, sponges, scissors, et cetera, in the body, or amputation of a wrong member; (2) when the general experience and observation of mankind teaches that the result would not be expected without negligence; and (3) when proof by experts in an esoteric field creates an inference that negligence caused the injuries. *Keys v. Guthmann*, 267 Neb. 649, 676 N.W.2d 354 (2004). The second category is often referred to as the "common knowledge exception." *Id.*

Bennett asserts that her medical malpractice case falls under the common knowledge exception category of res ipsa loquitur cases. Specifically, Bennett argues that her case is analogous to those cases "where a patient enters the hospital for treatment on one part of the body and sustains injury to another part of the body." Brief for appellant at 10-11 (citing *Keys v. Guthmann, supra*). Bennett maintains that her vocal cords are a completely separate part of her body from her lower abdomen, the latter of which was the subject of surgery. However, Bennett's logic fails to consider that the intubation procedure apparently occurred in the ordinary course of the surgery. Moreover, two medical experts opined that the intubation procedure was conducted according to the appropriate standard of care. Thus, far from demonstrating that the alleged negligence was obvious, the facts and circumstances of this case overwhelmingly support a finding that there was no negligence involved in Bennett's intubation procedure. See *Keys v. Guthmann, supra* (common knowledge exception does not apply where negligence is not obvious from facts and circumstances of case). Accordingly, Bennett's first assignment of error is without merit.

*Damages for Lost Tape Recorder.*

Bennett next assigns that the district court erred in determining that she failed to prove damages with respect to the tape recorder. As the district court noted in its September 2021 order, "a plaintiff's evidence of damages may not be speculative or conjectural and must provide a reasonably certain basis for calculating damages." *Pribil v. Koinzan*, 266 Neb. 222, 227-28, 665 N.W.2d 567, 572 (2003). Bennett argues she was entitled to some compensation for the lost tape recorder, "even if *de minimis*." Brief for appellant at 12. However, the record reflects that Bennett failed to provide any evidence as to the value of the tape recorder aside from describing it as 3 to 4 inches and digital. Accordingly, Bennett's second assignment of error is without merit.

*Disclosure of Intent to Seek Damages for Lost Tape Recorder.*

Lastly, Bennett assigns that the district court erroneously found that Bennett failed to disclose a request for damages related to the voice recorder. In its September 2021 order, the court stated, "Furthermore, [Bennett] has never disclosed that she is requesting any damages related to the voice recorder." The basis for this statement was an interrogatory which requested a "complete itemization of all items of all damages you are claiming in this lawsuit." Bennett does not dispute that she failed to list the tape recorder in her response to that interrogatory. Rather, Bennett points

to paragraph 18 of her complaint providing in pertinent part that "damages include a loss of [Bennett's] tape recorder."

However, even if we assume that Bennett adequately disclosed her intent to seek damages for the tape recorder, the problem remains that she failed to provide a reasonably certain basis for calculating such damages. In other words, even if the reference to the tape recorder in Bennett's complaint rendered the court's statement erroneous, such error was harmless beyond a reasonable doubt, as Bennett was not entitled to compensation for the tape recorder regardless of whether she disclosed her intent to request such compensation. Accordingly, Bennett's third assignment of error is without merit.

CONCLUSION

For the foregoing reasons, we affirm the district court's orders sustaining Welsh's motions for summary judgment.

AFFIRMED.